Plaintiffs in Error and others were jointly indicted as principals for the larceny of cattle under Section 7234, Comp. Gen. Laws of Florida, 1927, and upon a severance being granted, plaintiffs in error were placed upon trial and a verdict of guilty was rendered as to both. The indictment charges them and others with the larceny of one red yearling; one dun cow, marked swallow fork underslope in one ear and under slope in the other, branded with the figure 6; one dark red cow, marked swallow fork underslope in one ear and under slope in the other, branded with the figure 6; of the property of one Sutton Beville.
Several assignments of error were taken, but only those argued will be considered here. The first matters argued are raised by the motion for new trial and question the sufficiency of the evidence to support the verdict. It is contended that the verdict finding the defendants guilty, being a general one, would necessarily include the "red yearling" named in the indictment as one of the animals stolen, and that Section 7234, defining and punishing cattle stealing, does not include any animal of that character.
No demurrer was interposed to, nor was there a motion made to quash the indictment; and the above point was not *Page 1442 
raised until after the trial had been had and verdict rendered. The allegation is that one of the animals stolen was a red yearling and the proofs sustained that allegation. An animal may be described clearly without using the exact words of the statute. See Jones v. State, 64 Fla. 92, 59 So. R. 892; L.R.A. 1915B, 71.
In the case of Mizell v. State, 38 Fla. 20, 20 So. R. 769, it was held that it is not necessary to describe the animal stolen by its color or flesh marks, and in the case of Mathis v. State, 70 Fla. 194, 69 So. R. 697, it was held that where the information charges the larceny of a heifer and the testimony shows that the animal stolen was a female calf "about a year and a half old," such does not constitute a fatal variance.
The evidence shows conclusively that a yearling of the description in the indictment was stolen with the two other animals, but even if it did not, it would be sufficient to support the verdict, for it is not necessary to prove that each animal was stolen as alleged to sustain a general verdict of guilty; nor is it necessary to a conviction of larceny that all property as charged in the indictment be proved to have been stolen; Raines v. State, 42 Fla. 141, 28 So. R. 57.
The penalty for cattle stealing is not graded by the number of animals stolen nor by their value. Therefore no error was committed by the trial court in denying the motion for a new trial and the motion in arrest of judgment based upon that ground.
The twelfth assignment of error is that the court erred in entering two final judgments against the defendant, Park Tucker. The transcript indicates that a judgment was entered on December 5, 1928, against both defendants, whereby Tolbert Tucker was sentenced to the State Prison for a term of two years, and Park Tucker appears to have *Page 1443 
been sentenced for five years. The transcript further shows, however, that a special term of the court was called for, and held, June 1, 1929, at which time among other things, the following proceeding were had:
 "The defendant Park Tucker being present in Court was asked by the Judge what he had to say why sentence should not be pronounced upon him, upon conviction of the charge of cattle stealing. He having been heard in that behalf, the Judge of the Court did thereupon pronounce sentence as follows:
 "You Park Tucker, having previously been convicted by a jury at another term of this Court, and you having evaded the court so that sentence could not before this time be imposed upon you, but being now present in open court, and having been called upon to say why sentence should not be pronounced upon you, and having said nothing which would preclude such sentence, the court does now adjudge you to be guilty of the crime of cattle stealing, and it is now the sentence of the law and the judgment of the court that you Park Tucker for the crime of which you have been convicted and now stand convicted be punished by imprisonment in the State Penitentiary at hard labor for the period of Five years from the date of your delivery to the keeper of such prison.
 * * * * * * * * * * *
 "There being no further business before the court, the court does now stand adjourned sine die."
The above quotation shows conclusively that only one judgment and sentence was in fact ever pronounced against Park Tucker as he had evaded the court after his trial for nearly six months. The above entry of the judgment and sentence on June 1, 1929, is in language ample to show *Page 1444 
and explain the apparent discrepancy and will necessarily stand as against an entry obviously made by inadvertence of the clerk as a matter of form.
As a general rule, after a trial court has regularly imposed a sentence and the term at which it was imposed has passed, the power of the trial court over such sentence is at an end, except for the purpose of its enforcement. Tanner v. Wiggins,54 Fla. 203, 45 So. R. 459, 14 Ann. Cas. 718.
In passing sentence upon a person convicted of a felony, the law requires that he shall be present. Palmquist v. State,30 Fla. 73, 11 So. R. 521; O'Steen v. State, 111 So. R. 725,92 Fla. 1062. If the defendant, during the time intervening between the verdict and the adjournment, evades the court and thereby prevents sentence being imposed at the same term, he will not be permitted to reap an advantage from his own unlawful act.
It is insisted in behalf of Tolbert Tucker, whom the evidence fails to show was actually present at the commission of the larceny, that he could not be lawfully convicted as a principal under the indictment. The provisions of Section 7110, Compiled General Laws of Florida, 1927, in effect makes an accessory before the fact a principal. Buie v. State, 68 Fla. 320, 67 So. R. 102.
The evidence shows that the cattle in question were killed and butchered in Sumter County on Sunday night and carried to Orlando on the same night and that early Monday morning, D. E. Jernigan a buyer of hides and furs bought from Tolbert Tucker the hides of animals which correspond in every detail to those of the animals described in the indictment; that a record of such marks and brands was always kept and the witness Jernigan exhibited the record from which he testified after refreshing his memory therefrom; and that Jernigan called the attention *Page 1445 
of Tolbert Tucker, at the time he bought the hides, to the fact that "they looked like stolen hides," as they were cut to pieces as if butchered with a knife, and also that they were not salted.
In the case of Flowers v. State, 69 Fla. 620, 68 So. R. 754, L.R.A. 1915E, 848, this Court held that killing and skinning of a cow and selling of hide, carcass being left where she was killed, constitutes larceny of cow.
Tolbert Tucker, charged as one of the principals in the commission of the larceny need not be proved to have been actually present as a prerequisite to a lawful conviction. When persons combine to commit unlawful acts, each are criminally responsible for acts of associates (Pope v. State, 84 Fla. 428, 94 So. R. 865) and actual presence such as to make a person an eye or ear witness is not necessary, if he was assisting in the commission of the crime, and was sufficiently near to render assistance in committing it, or to aid in escaping after its commission. Pennington v. State, 91 Fla. 446, 107 So. R. 331; 36 C. J. 798, Sec. 214.
The taking need not be by the hand of the accused; if he procure a person innocent of any felonious intent to take the goods for him, his offense will be the same as if he had taken the goods himself. 17 R. C. L. 11, Section 11.
Also, if the larceny started in Sumter County and was consummated in Orange County, the offender is liable to indictment in either county. Section 7121, Comp. Gen. Laws of Florida, 1927; Smith v. State, 42 Fla. 605, 28 So. R. 758, 17 R. C. L. 45, Section 50.
Tolbert Tucker admits that Park Tucker and others were to go to Sumter County to get beef cattle, but states that he did not know of these cattle being stolen. The evidence as a whole shows very conclusively that it would have been practically impossible for Tolbert Tucker not to have known all about the stealing of the cattle in question, *Page 1446 
as instigator and as the direct recipient of the fruits of it. The testimony coming from the witnesses as a whole rather conclusively shows that there was a general understanding among not only those indicted, but among some of their witnesses. See Baldwin v. State, 46 Fla. 115, 35 So. R. 220.
The defendant introduced testimony that Tolbert Tucker paid for the carcasses to Lewis Eubanks, one of the defendants not being tried, but there is no evidence that Sutton Beville, the owner of the cattle, ever received payment, and he positively denies in this trial that he ever received it.
The rule is well established in this State that if reasonable men might have found the verdict being questioned, and if it had received the sanction of the trial court, an appellate court ordinarily should not disturb it. Williams v. State,58 Fla. 138, 50 So. R. 749. See also Herndon v. State, 73 Fla. 451, 74 So. R. 511.
There being no reversible error, the judgments are affirmed.