PER CURIAM.
Appellants, a 13 year old juvenile and a 14 year old juvenile, were charged in petitions for delinquency with breaking and entering or entering without breaking a truck, and with grand larceny. Following an evidentiary hearing, the court found that both youths did break and enter or enter without breaking the truck; that the 14 year old committed grand larceny and that the 13 year old committed attempted grand larceny. The 14 year old was adjudicated delinquent and was committed to the Division of Youth Services. Adjudication was withheld on the 13 year old. Both juveniles take this appeal and contend error in the denial of their motions for judgment of acquittal and motions for new trial where the evidence was insufficient to establish that they committed the acts alleged in the petitions for delinquency.
On appeal, we review the record for the purpose of determining whether it contains substantial competent evidence which, if believed, will support the trial judge’s finding of guilt. Crum v. State, 172 So.2d 24 *1160 (Fla. 3rd DCA 1965); Starling v. State, 263 So.2d 645 (Fla. 3rd DCA 1972). Generally, all conflicts and reasonable inferences from the evidence are to be drawn in favor of the judgment of conviction and the evidence is to be viewed in the light most favorable to support the conclusion of the trier of fact. Douglas v. State, 214 So.2d 653 (Fla. 3rd DCA 1968); Dreger v. State, 228 So.2d 431 (Fla. 3rd DCA 1969).
The record reflects that there were three vehicles parked at the service station where the incident in question took place: the truck named in the petitions for delinquency, and two automobiles. There was eye witness testimony that three youngsters, of which the appellants were two, were breaking into the vehicles at the service station; that certain tools were removed from the truck by the other youngster, not one of the appellants, and that while this youngster was getting the tools from the truck, the 13 year old was standing near the front of the door. There was further eye witness testimony that the 13 year old was also in one of the cars, and that the 14 year old was at the other car with a wrench in his hand.
In our opinion, the evidence in the record is sufficient to establish the appellant’s guilt for the acts charged. Although they, themselves may not have broken into the specific truck mentioned in the petitions, there was ample evidence to the effect that they were not mere bystanders, but that they were participants in acts being committed. When persons combine to commit an unlawful act, each is criminally responsible for the acts of his associates. Pope v. State, 84 Fla. 428, 94 So. 865 (1922); Tucker v. State, 100 Fla. 1440, 131 So. 327, 329 (1930). An accomplice will be held to answer even though he himself did not commit the act. Davis v. State, 275 So.2d 575 (Fla. 1st DCA 1973). He may be convicted upon proof that he aided and abetted in the commission of such crime. Section 777.011, Florida Statutes; State v. Roby, 246 So.2d 566, 570 (Fla.1971); Foxworth v. State, 267 So.2d 647, 650 (Fla.1972); McNeal v. State, 303 So.2d 698 (Fla. 3rd DCA 1974).
Affirmed.