DOWNEY, Judge.
Appellant and co-defendant Bennett were charged by information with trafficking by unlawful and knowing actual or constructive possession of 400 grams or more of cocaine. Bennett pled nolo contendere during trial and the case proceeded as to appellant. The jury returned a verdict of guilty of attempted trafficking in cocaine; judgment was entered accordingly. Appellant received a ten year sentence and timely filed this appeal.
Through undercover informant Ekstron, Agent Sousa arranged to purchase cocaine *714 from co-defendant Bennett. On the day of the sale, Agent Sousa and the informant went to Bennett’s place of business, Space Age Marble. Sousa and the informant proceeded into Bennett’s office, where Bennett and appellant were present. After introductions around, Bennett said he wanted to see the money before showing the contraband. Sousa said he had it outside in the car but only one of them (Bennett or Man-carella) could come to look at it. Bennett told appellant to go with Sousa. Appellant went outside with Sousa to check the money, which was located in the rear part of a hatchback automobile; the two returned to Bennett’s office. Bennett picked up a hollow marble end table and extracted a plastic bag of cocaine therefrom.[1] Sousa field tested the cocaine then left the room, ostensibly to get the money. Instead he signaled the surveillance team, who then entered the building where they encountered Bennett’s girl friend in a room anterior to the office, which resulted in some commotion that apparently alerted Bennett and appellant. The police broke down the locked office door. When they entered the office, the cocaine was not in sight; but they soon found it concealed above the drop ceiling in the office.
Appellant suggests three points on appeal. However, we need treat only one because it is dispositive of the case. The dispositive point is that the evidence of possession was insufficient to support a conviction for trafficking as charged, thus the trial court should have granted appellant’s motion for judgment of acquittal.
We have carefully reviewed the evidence in the light most favorable to the State, as the trial court is required on motion for judgment of acquittal. Even in such a favorable light, the evidence adduced here does not make a ease that sustains a verdict of guilty of trafficking by possession. In our judgment this case is weaker than both DiSangro v. State, 422 So.2d 14 (Fla. 4th DCA 1983), or Daudt v. State, 368 So.2d 52 (Fla. 2d DCA 1979), wherein this court and the Second District reversed convictions involving possession based upon insufficiency of the evidence.
Accordingly, the judgment appealed from is reversed and the case is remanded with directions to discharge appellant.
REVERSED AND REMANDED with directions.
HERSEY, J., concurs.
LETTS, J., dissents without opinion.

. Agent Sousa testified that no cocaine was visible in the office until Bennett removed it from the bottom of the table and that he had no idea how the cocaine got there or who put it there.