*906 ON MOTION FOR REHEARING
PER CURIAM.
On remand to this court by the Florida Supreme Court, which quashed our opinion, we simply withdrew our prior opinion and reversed the trial court’s granting of the appellee’s motion for judgment of acquittal as to Count II. However, appellee’s motion for rehearing points out that the trial court’s action was based on the theory that venue for the burglary of a conveyance charge (Count II) was improper in Seminole County where the case was tried. Neither the Florida Supreme Court nor the majority opinion of this court addressed the venue question. Both dealt solely with whether the crime of burglary of a conveyance could be charged and proved “when the evidence shows that the accused entered the conveyance for the sole purpose of stealing it, rather than committing some other offense therein.” State v. Stephens, 601 So.2d 1195 (Fla.1992).[1] We agree the venue question must now be addressed, and we grant appellee’s motion for rehearing.
The venue issue in this case regarding where a criminal burglary of a conveyance charge under section 810.02(1), Fla.Stat. (1991) can be properly tried is one of first impression in Florida. Stephens was charged by information with committing burglary of a conveyance by unlawfully remaining in the stolen car without the consent of the owner, “with the intent to commit an offense therein to wit: theft or fleeing and eluding police officers.” All of these acts took place in Seminole County. However, Stephens’ saga began in Volusia County[2] and therein lies the venue problem.
Florida’s Constitution gives a defendant the right to be tried in the county where the crime took place.[3] A wrinkle on the venue rule is provided by section 910.-05, Fla.Stat. (1991) for crimes where the acts constituting one offense are committed in two or more counties. Under that provision, trial in any county where any of the criminal acts take place is proper. Tucker v. State, 100 Fla. 1440, 131 So. 327 (1930). This venue rule has been applied in theft and larceny cases where the thief carries stolen property across county lines,[4] in homicide cases where some acts commenced in one county and ended in another,[5] and in conspiracy cases involving different acts in different counties.[6]
To properly resolve the venue issue in this case, it is necessary to decide whether the burglary occurred only in Volusia County, or whether it continued and also occurred in Seminole County.[7] At common law, burglary occurs the moment a person breaks into the dwelling place of another with the intent to commit a felony therein.[8] *907 Burglary was not considered to be a “continuing” offense, like theft or larceny.[9] However, Florida’s current burglary of a conveyance statute, similar to ones passed by other states, has created a “modern crime which has little in common with its common law ancestor except for the title of burglary.” [10] Section 810.02(1) has expanded the definition of burglary far beyond its common law origin. The Florida statute now encompasses conveyances (cars), which are mobile, and it specifies this crime can be committed in one of two alternate ways: by breaking into the conveyance or by remaining in it with the intent to commit some other crime therein.
Stephens argues the “remaining in” language of section 810.02(1) does not apply in this case because he unlawfully broke into the car in Volusia County. Based on his theory, only if he entered the car lawfully (e.g., with the owner’s permission), and he later formed an intent to steal the car and remained unlawfully therein (e.g., after being ordered out by the owner), would the “remaining in” language of the statute be applicable. Since the breaking and entering occurred in Volusia County, he argues, no'continuing crime based on “remaining in” the conveyance occurred in Seminole County.
Logic compels us to reject Stephens’ argument.[11] “Remaining in” is a continuing act, the timing of which is not necessarily concurrent with the timing of the “breaking and entering.” Furthermore, where a conveyance is moving, the location where these acts occur could also be different. Here Stephens broke into the Pontiac in Volusia County, but he also remained inside it with the intent to steal it and evade the police in Seminole County as well as in Volusia County.
The information charged Stephens with unlawfully remaining in the car in Seminole County, with the intent to steal the car or elude the police. The evidence clearly supported Stephens’ conviction on these facts. Accordingly, we conclude that Stephens’ conduct in Seminole County, as alleged in the information and proved at trial, is a crime under the burglary statute and that the crime was committed in Seminole County. We note that, alternatively, the crime could have been prosecuted in Volusia County pursuant to a differently worded information. The jury verdict should be sustained because venue in this case was properly alleged and proved in Seminole County, the situs of the trial. See § 910.-05, Fla.Stat. (1987).
REVERSED and REMANDED.
GOSHORN, C.J., and COBB and W. SHARP, JJ., concur.

. The Florida Supreme Court held that the burglary statute encompasses entry into a conveyance for the purpose of stealing it as well as stealing something in it. State v. Stephens, 601 So.2d 1195 (Fla.1992).

. The evidence at trial established that Stephens broke into the car in Volusia County. Pursued by Volusia County deputy sheriffs from the beginning, Stephens led a high speed chase into Seminole County, where Seminole County deputies picked up the pursuit. The chase ended in Seminole County when Stephens attempted to evade his pursuers by pulling into a parking lot. Surrounded by Seminole County deputies, Stephens was captured and arrested.

. Art. I, § 16, Fla. Const.

. § 910.10, Fla.Stat. (1987); Tucker v. State, 100 Fla. 1440, 131 So. 327 (1930).

. Copeland v. State, 457 So.2d 1012 (Fla.1984), cert. denied, 471 U.S. 1030, 105 S.Ct. 2051, 85 L.Ed.2d 324 (1985); State v. Katz, 417 So.2d 716 (Fla. 2d DCA1982), review denied, 429 So.2d 6 (Fla.1983).

. See Martin v. State, 488 So.2d 653 (Fla. 1st DCA1986).

. Section 910.03 would have authorized this trial in Seminole County for the burglary in Volu-sia County, because the burglary was part of a criminal episode which partly took place in Seminole County. The problem with relying on section 910.03 is that the information in this case did not allege the burglary took place in Volusia County.

. State v. Hicks, 421 So.2d 510 (Fla.1982); 3 Wharton’s Criminal Law 334 at 205.

. 3 Wharton’s Criminal Law § 334 at 205. But see Williams v. State, 517 So.2d 681 (Fla.1988).

. LaFave & Scott Criminal Law § 96, at 715. See also Latimer, Burglary is for Buildings, or is It? Protected Structures and Conveyances under Florida’s Present Burglary Statute, 9 Stetson L.Rev. 347 (1980).

. Our research of Florida burglary cases decided on the basis of the “remaining in” alternative are distinguishable from the present case in that they concern situations in which the defendant's original entry was lawful, but his remaining there subsequently became unlawful. See Routly v. State, 440 So.2d 1257 (Fla.1983), cert. denied, 468 U.S. 1220, 104 S.Ct. 3591, 82 L.Ed.2d 888 (1984); Ray v. State, 522 So.2d 963 (Fla. 3d DCA), review denied, 531 So.2d 168 (Fla.1988). See also Woodward v. Petteway, 123 Fla. 892, 168 So. 806 (1935). Accordingly, they do not address the question of whether burglary can also be proved under this statute by alleging and proving that a defendant not only unlawfully entered a conveyance, but also unlawfully remained there, with the unlawful intent to steal it.