625 So.2d 957 (1993)
STATE of Florida, Appellant,
v.
Kelly Sheffield CRIDER, Appellee.
No. 92-1298.
District Court of Appeal of Florida, Fifth District.
October 22, 1993.
*958 Robert A. Butterworth, Atty. Gen., Tallahassee, and John W. Foster, Jr., Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellee.
GRIFFIN, Judge.
The State appeals the lower court's judgment of acquittal. We reverse.
On January 2, 1992, Crider was charged in Volusia County with burglary of a structure[1] and dealing in stolen property.[2] The cause proceeded to trial in Volusia County on April 1, 1992, wherein the jury found Crider not guilty of burglary but guilty of dealing in stolen property. Upon a subsequent motion and hearing, the trial court granted Crider a judgment of acquittal of the charge of dealing in stolen property on the ground that the State had failed to establish that Volusia county was a proper venue in which to try Crider for dealing in stolen property.
The testimony at trial revealed that Ford Smith ("Smith"), owner of an auto repair shop in Volusia County, was the victim of a burglary some time between the evening of September 25 and the morning of September 26, 1991. When Smith arrived at work on the morning of September 26th, he discovered that his garage had been "cleaned out" of its tools and equipment. The burglary led to an investigation by the Volusia County Sheriff's Department.
Upon arrival, investigators discovered that the lock on Smith's shop door had been pried or cut off. They also noticed fresh[3] tire tracks going from the front to the rear of the shop where the garage was located. The tire tracks came to the door of the building. Bare footprints were found just outside the garage door, suggesting someone got out of the vehicle, went to the building and then left in the truck. The tracks of all four tires were mismatched, indicating that each tire came from a different manufacturer. Investigators testified they concluded that Crider was a strong suspect because of the mismatched tire prints, Crider's criminal history, and because Crider was often known to go barefoot. There were no fingerprints or other evidence found at the scene linking Crider to the inside of the garage.
Investigators proceeded to Crider's Putnam County home and observed that the tracks of the tires on Crider's maroon Chevrolet matched those found at the crime scene. They informed him that he was a suspect in the burglary at Smith's garage. Crider stated that he was unaware of any burglary, but that he was willing to assist with the investigation if he could. He permitted the search of his home and several of his vehicles but would not permit a search of his maroon Chevrolet because he claimed that he did not have keys to the vehicle's trunk.
*959 At a subsequent interview with investigators, Crider admitted to selling some tools and equipment to two persons, Espinosa Rodrigo ("Rodrigo") and Osiel Hernandez ("Hernandez"), and provided a list of the tools sold and the address of each of the buyers. Smith's tools were recovered from Rodrigo and Hernandez. Rodrigo and Hernandez both testified that they had purchased the tools from Crider at their homes in Putnam County at approximately 3:00 A.M. on the morning of September 26, 1991. Both buyers also testified that when Crider approached them about purchasing tools, he was driving a maroon Chevrolet.
After the jury found Crider guilty of dealing in stolen property but found him not guilty of the burglary of Smith's garage, the lower court granted the motion for judgment of acquittal based on venue:
[T]here is no evidence to suggest, other than perhaps an inference, but there is no evidence to suggest, that I can recall, that he came into possession of the property in Volusia County.
In State v. Stephens, 608 So.2d 905 (Fla. 5th DCA 1992), this court addressed the rule of venue in criminal cases as follows:
Florida's Constitution gives a defendant the right to be tried in the county where the crime took place. A wrinkle on the venue rule is provided by section 910.05, Fla. Stat. (1991) for crimes where the acts constituting one offense are committed in two or more counties. Under that provision, trial in any county where any of the criminal acts take place is proper. Tucker v. State, 100 Fla. 1440, 131 So. 327 (1930). This venue rule has been applied in theft and larceny cases where the thief carries stolen property across county lines... .
Stephens, 608 So.2d at 906 (footnotes omitted). Therefore, in order for Crider to have been properly tried in the correct venue, the record must support the jury's conclusion that Crider dealt in stolen property in Volusia County. However, unlike essential elements of the crime, venue need not be proved beyond a reasonable doubt. It is sufficiently proved if the jury can reasonably infer from the evidence that the offense was committed in the county where the case was brought. See Collingsworth v. State, 93 Fla. 1110, 113 So. 561 (1927); Smith v. State, 29 Fla. 408, 10 So. 894 (1892); Pennick v. State, 453 So.2d 542, 543 (Fla. 3d DCA 1984).
The elements of dealing in stolen property are trafficking or endeavoring to traffic in property that the defendant knows or should have known was stolen. M.L.K. v. State, 454 So.2d 753 (Fla. 1st DCA 1984). Under section 812.012, Florida Statutes (1991), the term "traffic" means: "(a) To sell, transfer, distribute, dispense, or otherwise dispose of property. (b) To buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property."
The evidence suggesting that Crider trafficked in the stolen property in Volusia County was provided from the testimony that the tools and equipment were originally taken from Smith's garage in Volusia County and that Crider's unique tire tracks and footprints were found outside the garage the morning after the garage was burglarized. The fact that the State failed to prove beyond a reasonable doubt that Crider committed the burglary does not necessarily mean that the State failed to prove that Crider obtained control of the property in Volusia County, for purposes of venue. There was no evidence to suggest that Crider had been inside the garage. On the other hand, there was circumstantial evidence that both he and his car were at the scene of the burglary and that the stolen goods were transported in that vehicle to the awaiting purchasers.
REVERSED and REMANDED with instructions to reinstate jury verdict.
GOSHORN and DIAMANTIS, JJ., concur.
NOTES
[1] § 810.02, Fla. Stat. (1991).
[2] § 812.019, Fla. Stat. (1991).
[3] It had rained twenty-four hours earlier.