ON CONFESSION OF ERROR

PER CURIAM.
The injunction herein must be reversed and vacated upon the State’s proper confession of error that once the trial court imposed a prison sentence upon appellant for violation of probation, the court thereafter lacked jurisdiction absent statutory authority to amend its judgment sua sponte to enjoin appellant from having any contact with his victim girlfriend following his prison term. See Tucker v. State, 100 Fla. 1440, 131 So. 327, 328 (1930); Tanner v. Wiggins, 54 Fla. 203, 45 So. 459, 462 (1907); State v. Evans, 225 So.2d 548, 549-50 (Fla. 3d DCA), cert. denied, 229 So.2d 261 (Fla.1969). We find that the only statutory authority basis for such “stay away” orders in domestic violence cases is found in section 741.30, Florida Statutes (Supp.1994), but this statute is inapplicable herein where there is no sworn petition filed for injunctive relief, section 741.30(2)(a); *972 no notice of hearing, section 741.30(5); and no hearing on the action, section 741.30(7)(a).
Reversed.