842 So.2d 855 (2002)
Christopher Bryant MOSLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-3819.
District Court of Appeal of Florida, First District.
December 31, 2002.
*856 Nancy A. Daniels, Public Defender, Nancy L. Showalter, Assistant Public Defender, Tallahassee, for Appellant.
Richard E. Doran, Attorney General, Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.

ON MOTION FOR REHEARING, REHEARING EN BANC, AND CERTIFICATION
PER CURIAM.
Appellant's motion is granted to the extent it seeks rehearing; this court's opinion released on August 28, 2002, is withdrawn; and the following opinion is substituted therefor. Appellant's motion is denied, however, to the extent it seeks rehearing en banc and certification.
Appellant, Christopher Bryant Mosley, has raised five issues concerning his convictions for aggravated assault on a law enforcement officer with a deadly weapon, armed burglary of a conveyance, and grand theft auto while armed. We reverse the burglary conviction, because the charge was tried in the wrong venue, and affirm the remaining convictions without comment.
Appellant unlawfully entered an automobile owned by James Jones while it was parked at a service station in Orange County, on January 28, 1998. Forty-two days later, on March 11, 1998, appellant was apprehended while driving the vehicle in Columbia County following a high-speed chase from an armed robbery that occurred in Gainesville, Alachua County. The case was tried in Columbia County.
In objecting to venue on the burglary charge, appellant argued that the only burglary theory applicable to his case is unlawful entry, and that venue was not proper in Columbia County, because the unlawful entry occurred in Orange County. In rejecting appellant's position, the trial court was persuaded by the state's argument, based on State v. Stephens, 608 So.2d 905 (Fla. 5th DCA 1992) (on reh'g), that the burglary occurred in Columbia County, because appellant "remained in" the vehicle while in that county.
In Stephens, the defendant broke into a car in Volusia County and led Volusia County deputy sheriffs on a high-speed chase into Seminole County, where Seminole County deputies captured and arrested him. Id. at 906 n. 2. Stephens argued on appeal that the "remaining in" language of section 810.02(1), Florida Statutes, did not apply in his case, because he unlawfully broke into the car in Volusia County. He contended that the "remaining in" theory of burglary would apply only if, after lawfully entering the car, he formed the intent to steal the car and remained unlawfully therein after the owner had ordered him out of the car. Id. at 907.
In concluding that "remaining in" is a continuing act for venue purposes, the Fifth District distinguished several cases addressing the "remaining in" theory, all of which involved lawful initial entry that subsequently became unlawful. The court concluded that those cases "do not address the question of whether burglary can also be proved under this statute by alleging and proving that a defendant not only unlawfully entered a conveyance, but also unlawfully remained there, with the unlawful intent to steal it." Id. at 907 n. 11.
Appellant argues on appeal that the basis for the Stephens decision has been nullified by Delgado v. State, 776 *857 So.2d 233 (Fla.2000) (revised opinion), as well as other decisions that rely on Delgado. In Delgado, the Florida Supreme Court recognized that there are two methods by which burglary can be committed, i.e., unlawful entry with the intent to commit a crime, or remaining in a structure or conveyance with the intent to commit a crime therein. The issue before the court was "whether the phrase `remaining in' found in Florida's burglary statute should be limited to situations where the suspect enters lawfully and subsequently secretes himself or herself from the host." Id. at 238. After considering the common-law roots and evolution of the crime of burglary, the court concluded that the "remaining in" burglary theory applied "only in situations where the remaining in was done surreptitiously." Id. at 240. Although the Florida Legislature subsequently enacted section 810.015, Florida Statutes (2001), which states that the Florida Supreme Court improperly interpreted the burglary statute in Delgado and nullifies its holding, the legislature cannot nullify a judicial decision retroactively, and because the supreme court has not expressly receded from Delgado, this court is bound to apply its holding in this direct appeal. See Foster v. State, 27 Fla. L. Weekly D1360, ___ So.2d ___, 2002 WL 1285453 (Fla. 1st DCA June 12, 2002); Braggs v. State, 815 So.2d 657 (Fla. 3d DCA 2002) (en banc), review granted, 829 So.2d 919 (Fla.2002) (consolidated with State v. Ruiz, for the purpose of oral argument).
It is apparent from reading Delgado, as well as the cases from which the court receded therein, such as Raleigh v. State, 705 So.2d 1324 (Fla.1997); Jimenez v. State, 703 So.2d 437 (Fla.1997); and Ray v. State, 522 So.2d 963 (Fla. 3d DCA 1988), that the "remaining in" theory of burglary applies when the facts show a lawful entry. See also Johnekins v. State, 823 So.2d 253, 257 (Fla. 3d DCA 2002) ("There was no evidence of consensual entry of the car, so a `remaining in' theory did not apply."). This conclusion is also evident from the clarifying amendments made to the 2001 version of section 810.02(1)(b), which defines burglary as either (1) unlawful entry with intent to commit a crime therein, or (2) lawful initial entry and remaining in with intent to commit a crime when the remaining in is surreptitious, after permission has been withdrawn, or to commit a forcible crime.
Because the facts in Stephens involved an unlawful entry, we conclude that the Fifth District incorrectly found that venue in Seminole County was proper under the "remaining in" theory of burglary. Therefore, we decline to follow Stephens and certify conflict with that decision.
The Florida Constitution gives a defendant the right to be tried in the county where the crime takes place. See Art. I, § 16, Fla. Const. When the acts constituting the crime are committed in two or more counties, however, the trial may be held in any county where any of the criminal acts occurred. See § 910.05, Fla. Stat. (1997). Venue is an essential element of the crime charged, and if the defendant can show that the crime did not occur in the venue alleged in the charging document, or that the prosecution has not presented sufficient proof that the crime occurred in the county where the trial was held, the conviction cannot stand. See Tucker v. State, 459 So.2d 306, 308 (Fla. 1984).
Turning to the facts of this case, we agree with appellant that there is no evidence of burglary by unlawful entry of the vehicle in Columbia County so as to permit trial in Columbia County. The record shows that the Columbia County officers received a BOLO which advised them that the highway patrol was in pursuit of a stolen car that had just been involved in an *858 armed robbery in Gainesville, Alachua County. The Columbia County officers joined the hot pursuit and arrested appellant when he drove into a ditch in Columbia County. Thus, as appellant asserts, there is absolutely no evidence that he unlawfully entered the car in Columbia County; rather he was pursued nonstop from one county to another while already in the vehicle.
As explained above, because this case involves an unlawful entry, the "remaining in" theory of burglary is inapplicable and cannot form a basis for venue in Columbia County. Venue was therefore improper in Columbia County, and the burglary conviction must be reversed. See id. at 308.
We affirm appellant's remaining convictions. Because, however, reversal of the burglary conviction may impact the sentences imposed on the other convictions, we reverse the sentences for such convictions and remand the case as to them for resentencing.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
ERVIN, BARFIELD and VAN NORTWICK, JJ., concur.