901 So.2d 215 (2005)
DEPARTMENT OF CHILDREN AND FAMILIES, Petitioner,
v.
J.J.E., Father of J.E., a Child, Respondent.
No. 5D05-364.
District Court of Appeal of Florida, Fifth District.
April 7, 2005.
Rehearing Denied May 20, 2005.
*216 Ralph J. McMurphy, Wildwood, for Petitioner.
Gary R. Gossett, Jr. of Gossett Law Offices, P.A., Sebring, for Respondent.
PETERSON, J.
The Florida Department of Children and Families, ("DCF"), seeks a writ of prohibition to restrain the circuit judge from assuming jurisdiction over a proceeding in which a natural father, who had his parental rights terminated, sought a writ of habeas corpus, alleging that his termination of parental rights was void because he had never been served with process.
This court has jurisdiction to entertain the petition for writ of prohibition as authorized by the Florida Constitution, Article V, § 4(b)(3), and Florida Rule of Appellate Procedure 9.030(b)(3).
J.J.E.'s parental rights to J.E., a child, were terminated in 2002 by the circuit court sitting in Hernando County. Service of process was made on J.J.E. by publication and the order of termination provides that J.J.E.'s location was unknown, and he could not be found. J.E. was then placed in a foster home with J.E.'s half-sister. Over two years later, J.J.E. learned through the media that the half-sister was abused, and then became concerned about the well-being of his son. He filed a petition for writ of habeas corpus in the same court, but his petition was given a new case number and assigned to a judge that was not involved in the original Termination of Parental Rights (TPR) proceedings. The gravamen of his petition was that J.E. was being wrongfully restrained in the custody of DCF because he, J.J.E., had never been served with process in the TPR proceedings and that jurisdiction had never been obtained over him. The new judge determined that he had jurisdiction over the petition.
We must first determine whether the extraordinary writ of prohibition is appropriate for the circumstances of this case, and if so, whether the circuit court has properly assumed jurisdiction of the father's petition for habeas corpus to obtain custody of his son from DCF.
The Florida Supreme Court has cautioned that:
The writ [of prohibition] is very narrow in scope and operation and must be employed with caution and utilized only in emergency cases to prevent an impending injury where there is no other appropriate and adequate legal remedy.
Mandico v. Taos Const. Inc., 605 So.2d 850, 854 (Fla.1992). Circuit courts are superior courts of general jurisdiction and nothing is intended to be outside their jurisdiction except that which clearly and specially appears so to be. English v. McCrary, 348 So.2d 293, 297 (Fla.1977). Prohibition lies to prevent the circuit court from acting in excess of its jurisdiction, but not to prevent an erroneous exercise of jurisdiction. Id.
Although the circuit court has jurisdiction to hear petitions for writ of habeas corpus and has determined that it has jurisdiction to proceed in this case, we conclude that an emergency situation exists and that the Legislature has mandated that the custody of the child is clearly and specially outside of the subject matter jurisdiction of the circuit court entertaining J.J.E.'s petition for habeas corpus. The reasons for our conclusion are as follows:
1. The possibility that J.J.E. was not properly served with process, and that DCF was improperly granted custody of J.E. and refuses to permit J.J.E. to communicate with J.E., creates an emergency situation. Our refusal to issue the writ and await an appeal of the lower court's *217 decision would prolong determination of custody of the child.
2. The Legislature has clearly and specially mandated that the circuit court assigned to exercise jurisdiction under Chapter 39, Florida Statutes, Proceedings Relating to Children, shall have exclusive original jurisdiction and shall retain jurisdiction of a child until the child's eighteenth birthday or unless relinquished by that court. §§ 39.01(16) and (18); 39.013(2), Florida Statutes (2004).
3. We agree with DCF that were we to deny the petitioner's request for a writ of prohibition and remand to the circuit court below for further proceedings, the grant of the petition for habeas corpus would resolve nothing. If such a result were to occur, there would simply be two conflicting orders in existence, one awarding custody to the DCF in the TPR proceedings and another requiring DCF to surrender custody with both orders being issued by equal courts, neither being subordinate to the other.
4. The sole issue to be determined in this controversy is whether the TPR court gained jurisdiction over J.J.E. so that his parental rights were properly terminated. That can best be resolved by employing the procedure provided by the Supreme Court under Florida Rule of Juvenile Procedure 8.270(b)(4), which provides:
(b) Extraordinary Relief. On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from an order, judgment, or proceeding for the following reasons: ...
(4) That the order or judgment or any part thereof is void.
We grant the petition, issue the writ of prohibition and order the trial court to either dismiss petitioner's petition for habeas corpus or transfer the proceedings to the court that ordered the termination of parental rights which continues to have jurisdiction over J.E.
WRIT ISSUED; REMANDED.
GRIFFIN and THOMPSON, JJ., concur.