DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*January Term 2014*

**R.J.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-635

[July 2, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Orlando, Judge; L.T. Case No. 12-006079DL00A.

Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

The State is not required to prove a juvenile's age to vest subject matter jurisdiction in the juvenile division of the circuit court.

After a trial, appellant was adjudicated delinquent for aggravated assault with a deadly weapon. There was ample evidence of the offense. During the trial, the State elicited testimony from the arresting officer that appellant said his birthday was February 13, 1996, making him sixteen years old at the time of the crime. The officer made no other attempt to confirm appellant's age.

Following up on an objection made in the circuit court, appellant argues on appeal that the trial court erred in denying his motion for judgment of dismissal since the State failed to establish he was under

eighteen at the time of the offense, leaving the circuit court without jurisdiction.[1]  We disagree.

The circuit court has subject matter jurisdiction over felony charges and misdemeanor and felony charges committed by juveniles.  Article V, section 5(b) of the Florida Constitution imbues circuit courts with original jurisdiction over all cases "not vested in the county courts."  Circuit courts thus function as "tribunals of plenary jurisdiction," *Dep't of Revenue v. Kuhnlein*, 646 So. 2d 717, 720 (Fla. 1994), such that "nothing is intended to be outside their jurisdiction except that which clearly and specially appears so to be."  *Dep't of Children & Families v. J.J.E.*, 901 So. 2d 215, 216 (Fla. 5th DCA 2005) (citing *English v. McCrary*, 348 So. 2d 293, 297 (Fla. 1977)).

In the criminal context, this means circuit courts may hear all cases except *adult* misdemeanor offenses.  *See* § 34.01(1)(a), Fla. Stat. (2012) (providing county courts with original jurisdiction "[i]n all misdemeanor cases not cognizable by the circuit courts").  Section 985.0301(1), Florida Statutes (2012), states that "[t]he circuit court has exclusive original jurisdiction of proceedings in which a child is alleged to have committed a delinquent act or violation of law."  Jurisdiction of juvenile proceedings thus "is not limited by the nature of the act, as the court may deal with misdemeanors or felonies.  Instead, its jurisdiction is limited by the age of the participant."  *Cesaire v. State*, 811 So. 2d 816, 817 (Fla. 4th DCA 2002).

To avoid pandemonium, Florida's circuit courts are "divided into divisions, with each division handling certain types of cases."  *In re Guardianship of Bentley*, 342 So. 2d 1045, 1046-47 (Fla. 4th DCA 1977).  This fractioning, however, is strictly for efficiency purposes and has no effect on a circuit court's subject matter jurisdiction.  As we have explained, "[a]ll circuit court judges have the same jurisdiction within their respective circuits. . . . The internal operation of the court system and the assignment of judges to various divisions does not limit a particular judge's jurisdiction."  *In the Interest of Peterson*, 364 So. 2d 98, 99 (Fla. 4th DCA 1978).

Juvenile courts are one such "division" of the circuit court.  Upon this backdrop, whether a "child" falls within the "age" requirements of a juvenile court is not a matter of subject matter jurisdiction, but one of "divisional" jurisdiction—i.e., whether the juvenile is in the correct circuit court "division."  *Williams v. State*, 737 So. 2d 1141, 1142 & n.1 (Fla. 4th DCA 1999); *Partridge v. Partridge*, 790 So. 2d 1280, 1284 (Fla. 4th DCA

[1]We note that the juvenile's admission of his birthdate was competent proof of his age.

- 2 -

2001).  If a juvenile is charged with committing a misdemeanor or a felony then the circuit court has subject matter jurisdiction over the case.  For example, where a juvenile's case has been assigned to criminal court, but the juvenile does not object, any mistake in the assignment is waived.  *See State v. Griffith*, 675 So. 2d 911, 913 (Fla. 1996) ("While the age of the defendant when the offense was committed rather than when the charges are filed controls whether the charges should be filed in juvenile court or criminal court, Griffith's convictions must stand because he failed to object to being tried in adult court."); *State v. King*, 426 So. 2d 12, 14 (Fla. 1982) ("[A] juvenile charged with an offense not punishable by death or life imprisonment has a right not to be charged by an indictment.  However, this right, as with all other rights, may be waived if not asserted in a timely and proper fashion.").  Here, appellant was charged with a felony so the circuit court was the right place for him.

Matters of juvenile "divisional" jurisdiction within the circuit court do not need to be proven at trial.  In this case, the petition for delinquency alleged appellant was under eighteen years old at the time he committed the offense.  If appellant disputed this fact, it was incumbent upon him to have the case transferred to criminal court.  The situation is distinguishable from the requirement that the State establish "venue," since criminal defendants have a constitutional right to "be tried in the county where the crime took place."  *State v. Stephens*, 608 So. 2d 905, 906 (Fla. 5th DCA 1992) (citing Art. I, § 16, Fla. Const.); *see, e.g., State v. Crider*, 625 So. 2d 957, 959 (Fla. 5th DCA 1993) ("[I]n order for Crider to have been properly tried in the correct venue, the record must support the jury's conclusion that Crider dealt in stolen property in Volusia County.").

*Affirmed.*

GERBER and FORST, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***