COHEN, J.
The issue in this appeal is whether Kyle Warren Fike’s Michigan conviction qualifies as a “violation of a similar law of another jurisdiction” under section 775.21(4)(a)l.b., Florida Statutes (2009), such that he could be designated a sexual predator. Reluctantly, we conclude it cannot.
This is Fike’s second appeal to this court. In his first appeal, this court reversed his convictions for sexual battery and two counts of lewd or lascivious molestation on his eleven-year-old daughter because the trial court erred in admitting evidence that Fike forced his former brother-in-law to perform oral sex on him when the boy was between three and seven years old. See Fike v. State, 4 So.3d 734 (Fla. 5th DCA 2009). On remand, Fike pled nolo contendere to one count of lewd or lascivious conduct. After accepting the plea and sentencing him, the trial court designated Fike a sexual predator based on his prior Michigan conviction for assault with intent to commit criminal sexual conduct involving penetration, in violation of MCL 750.520g(l).[1]
Sexual predator designation is governed by section 775.21(4)(a)l.b. and requires a qualifying current felony conviction, which the parties concede was met when Fike pled to lewd or lascivious conduct — a violation of section 800.04, Florida Statutes. It also requires a qualifying prior conviction. A prior conviction qualifies when a defendant
has previously been convicted of or found to have committed, or has pled nolo contendere or guilty to, regardless of adjudication, any violation of s. 787.01, s. 787.02, or s. 787.025(2)(c), where the victim is a minor and the defendant is *849 not the victim’s parent or guardian; s. 794.011, excluding s. 794.011(1), excluding 794.011(10); s. 794.05; s. 796.03; s. 796.035; s. 800.04; s. 825.1025; s. 827.071; s. 847.0133; s. 847.0135, excluding s. 847.0135(6); s. 847.0145; or s. 985.701(1); or a violation of a similar law of another jurisdiction;
§ 775.21(4)(a)l.b.
What constitutes a “violation of a similar law of another jurisdiction” has not been addressed in the context of sexual predator designation. In the context of sentencing, however, the supreme court has required the elements of the out-of-state conviction be similar to those of a Florida statute. See Dautel v. State, 658 So.2d 88, 89 (Fla.1995); Forehand v. State, 537 So.2d 103, 104 (Fla.1989). While these decisions are persuasive, we do not find them to be binding because being designated a sexual predator does not implicate the same considerations or concerns involved in sentencing. Sexual predator designation is not a punishment, only a status. See § 775.21(d).
The meaning of “violation of a similar law of another jurisdiction” need not be fully defined or explored because Fike’s Michigan conviction does not qualify him for sexual predator designation. The assertion that the lewd or lascivious offenses listed in section 800.04 are similar is unpersuasive because these offenses require proof the victim was younger than sixteen years old. MCL 720.520g does not and, therefore, it is not a similar law.[2] Consequently, we conclude that Fike did not qualify for sexual predator designation and the designation must be reversed.
REVERSED.
MONACO, C.J. and EVANDER, J„ concur.

. The trial court's written order found Fike's prior conviction was a violation of MCL 750.520g(2), assault with intent to commit criminal sexual conduct in the second degree. Based on this court’s conclusion, we note, but do not need to address, this discrepancy.

. The elements of an assault with the intent to commit criminal sexual conduct involving penetration are 1) assault; 2) intentionally touching the victim’s genital area, groin, inner thigh, buttock, breast, or the clothing immediately covering these parts; 3) the touching was done for sexual arousal, sexual gratification, a sexual purpose or in a sexual manner to exact revenge, humiliate, or out of anger; and 4) sexual intercourse (vaginal or anal), oral sex, or any other intrusion of a body part into the "genital or anal openings” of another. See MCL 750.520a(r), 750.520g(l); People v. Nickens, 470 Mich. 622, 685 N.W.2d 657, 661 (2004).