DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MYRON J. MONTGOMERY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3757

[April 15, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert R. Makemson, Judge; L.T. Case No. 562010CF002604AXXXX.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nancy Jack, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, C.J.

Myron J. Montgomery appeals the trial court's final order designating him a sexual predator. We reverse.

Montgomery was charged with three counts of lewd or lascivious molestation on a victim under twelve and one count of child abuse. He entered a negotiated plea to child abuse and was sentenced to six years in the Department of Corrections as a habitual felony offender. The trial court also designated Montgomery a sexual predator based on a prior Pennsylvania conviction for rape by threat of forcible compulsion.

On appeal, Montgomery argues that the trial court erred in applying the sexual predator designation because the Florida statute governing sexual battery, section 794.011 of the Florida Statutes, is narrower in scope than the Pennsylvania statute governing rape by threat of forcible compulsion, section 3121(2) of the Pennsylvania Consolidated Statutes. The State counters that the two statutes are analogous even though the Pennsylvania law offers several alternative methods for violating the

statute. The State also argues that the trial court can consider the facts underlying the foreign conviction, which suggest that "force or violence likely to cause serious personal injury" was involved. We reject the State's arguments.

The issue in this case is whether Montgomery qualifies for a sexual predator designation by virtue of his Pennsylvania conviction for rape by threat of forcible compulsion. "The interpretation of a statute is a purely legal matter and therefore subject to the de novo standard of review." *Kephart v. Hadi*, 932 So. 2d 1086, 1089 (Fla. 2006).

Montgomery is eligible for a sexual predator designation if the Pennsylvania law he was convicted of violating is similar to one of the enumerated Florida laws that qualify for the designation. *See* § 775.21(4), Fla. Stat. (2012). Here, the trial court concluded that Montgomery's conviction for violating section 3121(2) of the Pennsylvania Consolidated Statutes (1994) was similar to a violation of section 794.011(4)(b), Florida Statutes (1993). Thus, our analysis requires us to compare these two statutes.

Section 3121(2) of the Pennsylvania Consolidated Statutes provides that:

> A person commits a felony of the first degree when he engages in sexual intercourse with another person not his spouse
>
> . . .
>
> (2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

18 Pa. Cons. Stat. § 3121(2) (1994). However, under section 794.011(4)(b), Florida Statutes:

> (4) A person who commits sexual battery upon a person 12 years of age or older without that person's consent, under any of the following circumstances, commits a felony of the first degree . . .
>
> . . .
>
> (b) When the offender coerces the victim to submit by threatening to use force or violence likely to cause serious personal injury on the victim, and the

victim reasonably believes that the offender has the present ability to execute the threat.

§ 794.011(4)(b), Fla. Stat. (1993).

Our comparison of these statutes leads us to the inescapable conclusion that section 3121(2) of the Pennsylvania Consolidated Statutes is not similar to section 794.011(4)(b), Florida Statutes. Montgomery correctly points out that the Florida statute is narrower in scope than the Pennsylvania statute. It requires coercion by threatening to use "force or violence likely to cause serious personal injury" as well as proof of the victim's reasonable belief in the offender's ability to carry out the threat. § 794.011(4)(b), Fla. Stat. (1993). The Pennsylvania statute merely requires "forcible compulsion that would prevent resistance by a person of reasonable resolution." 18 Pa. Cons. Stat. § 3121(2) (1994). Forcible compulsion "includes *not only* physical force or violence but also moral, psychological or intellectual force used to compel a person to engage in sexual intercourse against that person's will." *Commonwealth v. Rhodes*, 510 A.2d 1217, 1226 (Pa. 1986) (emphasis added). Thus, a defendant does not necessarily need to threaten "force or violence likely to cause serious personal injury" to violate the Pennsylvania statute. Moreover, unlike the Florida statute, the Pennsylvania statute does not require the state to establish the victim's reasonable belief in the defendant's ability to carry out the threat.

Additionally, the Florida Legislature drew a distinction between sexual battery on a person over twelve which involves coercion by threatening "to use force or violence likely to cause serious personal injury," § 794.011(4)(b), Fla. Stat. (1993), and sexual battery on a person over twelve that *does not* involve "physical force and violence likely to cause serious personal injury," § 794.011(5), Fla. Stat. (1993).[1] The former offense, which the trial court deemed similar to the Pennsylvania statute, is a first degree felony that triggers the sexual predator designation whereas the latter offense is a second degree felony which does not. *Compare* § 794.011(4)(b), Fla. Stat. (1993), *with* § 794.011(5), Fla. Stat. (1993). Based on the broad definition of "forcible compulsion," the Pennsylvania statute is similar to both provisions and, thus, cannot definitively qualify Montgomery for a sexual predator designation. *See Durant v. State*, 94 So. 3d 669, 671–72 (Fla. 5th DCA 2012) (reversing

---

[1] "A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof *does not use physical force and violence likely to cause serious personal injury* commits a felony of the second degree." § 794.011(5), Fla. Stat. (1993) (emphasis added).

dangerous felony sexual offender designation because statute defendant was convicted of violating not only contained elements similar to statute that qualified for the designation, but also had elements similar to another statute that did not qualify for the designation).

In determining that Montgomery's Pennsylvania conviction does not qualify him for a sexual predator designation, we also reject the State's argument that the trial court may look to the underlying facts of the qualifying offense to establish whether two laws are similar. Section 775.21(4) expressly refers to "a similar *law* of another jurisdiction," as opposed to similar conduct. *See* § 775.21(4), Fla. Stat. (2012) (emphasis added). If the legislature intended for courts to look to the underlying facts of the foreign conviction, it would have expressed that intent in the statute. *See State v. Hearns*, 961 So. 2d 211, 219 (Fla. 2007) ("Under the canon of statutory construction *expressio unius est exclusio alterius*, the mention of one thing implies the exclusion of another.") (citing *Young v. Progressive Se. Ins. Co.*, 753 So. 2d 80, 85 (Fla. 2000)). Additionally, no Florida court has looked to the underlying facts of a foreign conviction to satisfy the similarity test. *See, e.g., Fike v, State*, 63 So. 3d 847, 848–49 (Fla. 5th DCA 2011) (holding that defendant's Michigan conviction did not qualify him for sexual predator designation without considering the underlying facts); *see also Dautel v. State,* 658 So. 2d 88, 89 (Fla. 1995) ("[O]nly the elements of the out-of-state crime should be considered in determining whether that conviction is analogous to a Florida statute for the purpose of calculating points for a sentencing guidelines scoresheet."). Without considering the facts underlying Montgomery's Pennsylvania conviction, we cannot conclude that he violated "a similar law of another jurisdiction." Accordingly, we hold that the trial court erred in designating Montgomery a sexual predator based on his Pennsylvania conviction.

*Reversed and remanded with instructions for trial court to remove sexual predator designation.*

CONNER and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

- 4 -