IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

YVONNE MARIE JOHNSON,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2907

_____/

Opinion filed October 12, 2015.

An appeal from the Circuit Court for Duval County.
Mark Hulsey, III, Judge.

Nancy A. Daniels, Public Defender; Glen P. Gifford and Joanna Aurica Mauer, Assistant Public Defenders, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Chester Harris, Assistant Attorney General, Tallahassee, for Appellee.

ROBERTS, C.J.,

      The Appellant, Yvonne Marie Johnson, appeals her three convictions for criminal use of personal identification. She raises numerous issues on appeal, only

two of which warrant reversal. First, the Appellant argues the prosecutor's comments during cross-examination and closing argument constituted improper bolstering. Second, she argues the trial court erred when it directed defense counsel to instruct the jury that venue was a legal issue that could not be considered by the jury and subsequently instructed the jury that venue was to be considered by the jury. We agree that the prosecutor's comments were improper, and the trial court's instructions on venue were in error. We reverse.

## FACTS

The Appellant was charged with 16 counts of criminal use of personal identification and two counts of criminal use of personal identification of a deceased individual. A jury trial was held on three of the counts of criminal use of personal identification. Special Agent Lawrence Lomonaco of the Secret Service testified that during his investigation of the fraudulent tax return scheme, he examined the Appellant's text messages, which showed she had sent the victim's personal identification information to another woman. This woman would then file fraudulent tax returns using the information sent by the Appellant. The Appellant received approximately $50,000 for her part in the scheme. After Lomonaco confronted the Appellant, she confessed her part in the scheme. The Appellant testified that she was merely referring people to a tax preparer, and she did not know that the personal identification information was stolen. During the cross-

2

examination of the Appellant, the following exchange occurred:

> Prosecutor: So, ma'am, your testimony here today, and this is my last question, that your defense is that a man who is in charge of –
>
> Defense Counsel: Objection, Your Honor. Argumentative.
>
> The Court: Well, let him finish the question.
>
> Prosecutor: Two presidents and a vice president, lied to this jury on the stand today?
>
> Witness: I'm sorry?
>
> Prosecutor: You are telling this jury, your defense is that a man who's entrusted to protect –
>
> Defense Counsel: Objection, Your Honor. Bolstering the witness.
>
> The Court: Let him finish the question, first of all, Mr. Holliday.
>
> Defense Counsel: Yes, sir.
>
> Prosecutor: -- two presidents and a vice president lied here on the stand today about the things you told him.
>
> Witness: Absolutely.
>
> The Court: Objection overruled.

During closing argument, the State made the following comment:

> The $50,000, I mean, if Agent Lomonaco – they're suggesting that he basically came up here and perjured himself, that's what they're suggesting, that he came up here and perjured himself, a man who told you his qualifications, I won't get into it, it was that important to

him that he came in here and perjured himself and he made that up. That's what they're asking you to believe, that he perjured himself about that.

I mean, if that were the case, why not take it one step further, why not go and just write a statement and just say, you know what, this is her handwriting, why not do that. Why not create some bank records, why not take it all the way to the hilt, if that were the case. If he really was out to get her.

## IMPROPER BOLSTERING

The Appellant argues that the prosecutor improperly bolstered the testimony of Special Agent Lomonaco during the cross-examination of the Appellant and during closing argument. The Appellant properly preserved her argument regarding the cross-examination bolstering by objecting and moving for mistrial. See Cole v. State, 866 So. 2d 761, 763 (Fla. 1st DCA 2004) ("Generally, to preserve an issue for appeal based on improper argument, counsel is required to object and request a mistrial."). However, the Appellant failed to properly preserve the argument regarding the improper bolstering in closing argument. As such, this comment must be reviewed for fundamental error. Caraballo v. State, 39 So. 3d 1234, 1249 (Fla. 2010). For improper prosecutorial remarks to constitute fundamental error, the jury must not have been able to reach the verdict absent the remarks. Id. The comments must be so egregious as to vitiate the whole trial. Stubbs v. State, 673 So. 2d 964, 965 (Fla. 1st DCA 1996). Courts consider the cumulative effect of objected-to and unobjected-to comments when reviewing whether a defendant received a fair

4

trial. <u>Merck v. State</u>, 975 So. 2d 1054, 1061 (Fla. 2007). Improper closing argument becomes fundamental error when a curative instruction from the bench and retraction of the remark would not have cured the error. <u>Pacifico v. State</u>, 642 So. 2d 1178, 1184 (Fla. 1st DCA 1994).

The State may not bolster a witness's credibility by implying that he is less likely to lie because he is a government employee. <u>Spann v. State</u>, 985 So. 2d 1059, 1067 (Fla. 2008) ("Improper bolstering occurs when the State placed the prestige of the government behind the witness or indicates that information not presented to the jury supports the witness's testimony.") (Internal quotations omitted.). Improper bolstering of a witness is especially troubling in a case that rests solely on competing witness accounts to establish an element of the crime. <u>See</u> <u>Ortuno v. State</u>, 54 So. 3d 1086, 1089 (Fla. 1st DCA 2011); <u>Williams v. State</u>, 673 So. 2d 974, 975 (Fla. 1st DCA 1996).

Here, the State asked the Appellant whether a man entrusted to protect two presidents and a vice president had lied on the stand. During closing argument, the State further commented on the unlikelihood of Special Agent Lomonaco lying due to his qualifications. These comments placed the prestige of the government behind Special Agent Lomonaco. This constituted improper bolstering.

Improper prosecutorial comments are normally subject to a harmless error analysis. <u>See</u> <u>Knowles v. State</u>, 632 So. 2d 62, 65-66 (Fla. 1993). However, here,

5

the cumulative effect of objected-to and unobjected-to comments rendered the Appellant incapable of receiving a fair trial. As such, this was fundamental error.

## VENUE

The Appellant argues that the trial court erred when it instructed defense counsel to tell the jury that venue was a legal rather than factual issue and was not part of the jury's purview. A defendant has the right to be tried in the county where the crime takes place. Art. 1, § 16, Fla. Const. Venue is an essential element of a crime. Mosley v. State, 842 So. 2d 855, 857 (Fla. 1st DCA 2002). If a defendant can show that the crime did not occur in the venue alleged in the charging document or the State has not presented sufficient proof of where the crime occurred, it is reversible error. Id. Further, it is error for a trial court to "direct[ ] the jury to find as a matter of law that an essential element was proved." Wright v. State, 586 So. 2d 1024, 1030 (Fla. 1991). As such, the trial court's instruction to defense counsel to tell the jury that venue, an essential element, had been proven and did not need to be considered by the jury was error.

Additionally, when the jury was first told that venue was an improper consideration and was then instructed that the jury should consider venue in the written and oral jury instructions, the trial court most likely confused the jury about whether it should consider venue. Such an error was prejudicial. See Tinker v. State, 784 So. 2d 1198, 1200 (Fla. 2d DCA 2001).

6

The improper bolstering of Special Agent Lomonaco's credibility during the Appellant's cross-examination and during closing argument as well as the trial court's contradictory directions regarding whether the jury should consider venue ultimately deprived the Appellant of a fair trial. Accordingly, this case is REVERSED and REMANDED for a new trial.

BENTON and LEWIS, JJ., CONCUR.