# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-0995
_____

KADEEM CORDALE DEBOSE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Mitchell D. Bishop, Judge.

December 11, 2024

PER CURIAM.

Kadeem Cordale Debose was convicted of unlawful sexual activity with a minor under section 794.05, Florida Statutes, and the unlawful use of a two-way communications device in furtherance of a crime under section 934.215, Florida Statutes. We affirm Debose's judgment and sentence on all issues. We write to briefly address Debose's claim about venue. We also write to explain why the court properly designated Debose a sexual predator, despite the State's concession of error. In doing so, we certify conflict with the Fourth District Court of Appeal regarding its decision in *Montgomery v. State*, 183 So. 3d 1042 (Fla. 4th DCA 2015).

# I

Debose argues that his motion for judgment of acquittal for the charge of unlawful use of a two-way communications device should have been granted because the State failed to present evidence supporting venue. More specifically, Debose argues that because the State did not present evidence that he sent text messages from Alachua County (where the trial occurred) venue was not proven, and therefore his judgment of acquittal motion should have been granted.

The concurring opinion suggests that we should reject Debose's argument because the question of whether the defendant has been charged and tried in the correct venue should never be answered by the jury. We are, however, constrained to reject this suggestion because longstanding Florida Supreme Court cases have indicated that venue is an appropriate question for the jury and that a defendant may move for acquittal on the ground that the State failed to prove proper venue. *See, e.g.*, *Hopkins v. State*, 42 So. 52 (1906); *McKinnie v. State*, 32 So. 786 (Fla. 1902); *Warrace v. State*, 8 So. 748 (Fla. 1891). But we agree that a question of great public importance should be certified, so we join in certifying the questions set out by our colleague in his concurring opinion.

That said, we find that this issue is resolved by section 910.15(1), Florida Statutes, which reads in pertinent part as follows:

> A person charged with committing a crime facilitated by communication through use of . . . telephone . . . or another means of electronic data communication may be tried in the county in which the dissemination originated, in which the dissemination was made, or in which any act necessary to consummate the offense occurred.

Regardless of Debose's location when he texted the victim, the evidence showed that the victim was in Alachua County when she received the communications from Debose. Because the "dissemination" of the communication "was made" in Alachua

2

County, venue was proper there under section 910.15(1), and the court did not err in denying the motion for judgment of acquittal.[1]

## II

At sentencing, the State offered Debose's prior conviction in Colorado to support designation as a sexual predator. Section 775.21(4)(a) requires an offender to be designated a sexual predator upon conviction of certain crimes. Sub-subparagraph (4)(a)1.b. requires designation if an offender is convicted of a violation of section 794.05—like Debose—and has a previous violation of one of several Florida laws, "or a violation of a similar law of another jurisdiction[.]" The trial court found that the previous Colorado conviction was similar to one of the enumerated Florida offenses, and thus supported sexual predator designation.

Debose claims that the Colorado statute applies to more conduct than the Florida statute.[2] Perhaps so. But even if true, does that fact necessarily mean that a violation of the Colorado statute is not "similar" to the corresponding Florida law such that it cannot serve as a prior violation for purposes of the Sexual Predators Act? Debose claims that it does, and that his conclusion is supported by the decision in *Montgomery*. The State agrees, but we do not.

---

[1] Debose claims that *Berry v. State*, 306 So. 3d 1256 (Fla. 2d DCA 2020), supports his argument. *Berry* does not discuss section 910.15, so we find it inapplicable.

[2] Because "[t]he designation of a person as a sexual predator is neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes[,]" it is unclear whether an alleged error in sexual predator designation is a "sentencing error" that may be raised by motion under Florida Rule of Criminal Procedure 3.800(b), as Debose did here. § 775.21(3)(d), Florida Statutes. However, the Supreme Court of Florida has permitted challenges to sexual predator designation by motion under Florida Rule of Criminal Procedure 3.800(a), which requires an illegal sentence. *See Saintelien v. State*, 990 So. 2d 494 (Fla. 2008). Accordingly, we do not address this issue here.

3

## A

When it enacted section 775.21, "The Florida Sexual Predators Act," in 1993, the Legislature found that "[t]he high level of threat that a violent or repeat sex offender present[ed] to the public safety . . . provide[d] the state with sufficient justification to design and implement innovative mechanisms as part of a strategy to achieve a significant reduction in the commission of violent and repeat sex offenses[.]" Ch. 93-277, § 1, Laws of Fla.; *see also* § 775.21(3)(b), Fla. Stat. (same). The Act sets forth criteria qualifying an offender for sexual predator status, which has gone almost unaltered since its enactment. *Compare* ch. 93-277, Laws of Fla. *with* § 775.21(4), Fla. Stat. (2022) (changing only the list of enumerated crimes that trigger the designation). Here are those criteria:

SEXUAL PREDATOR CRITERIA.—

(a)  For a current offense committed on or after October 1, 1993, upon conviction, an offender shall be designated as a "sexual predator" under subsection (5), and subject to registration under subsection (6) and community and public notification under subsection (7) if:

1.  The felony is:

. . . .

b.  Any felony violation, or any attempt thereof, of s. 393.135(2); s. 394.4593(2); s. 787.01, s. 787.02, or s. 787.025(2)(c), where the victim is a minor; s. 787.06(3)(b), (d), (f), or (g); former s. 787.06(3)(h); s. 794.011, excluding s. 794.011(10); s. 794.05; former s. 796.03; former s. 796.035; s. 800.04; s. 810.145(8)(b); s. 825.1025; s. 827.071; s. 847.0135, excluding s. 847.0135(6); s. 847.0145; s. 895.03, if the court makes a written finding that the racketeering activity involved at least one sexual offense listed in this sub-subparagraph or at least one offense listed in this sub-subparagraph with sexual intent or motive; s. 916.1075(2); or s. 985.701(1); or a violation of a similar law of another jurisdiction, and the offender has previously been convicted of or found to have committed, or has pled nolo contendere or guilty to, regardless of adjudication, any violation of s. 393.135(2); s. 394.4593(2); s. 787.01, s. 787.02, or s. 787.025(2)(c),

4

where the victim is a minor; s. 787.06(3)(b), (d), (f), or (g); former s. 787.06(3)(h); s. 794.011, excluding s. 794.011(10); s. 794.05; former s. 796.03; former s. 796.035; s. 800.04; s. 825.1025; s. 827.071; s. 847.0133; s. 847.0135, excluding s. 847.0135(6); s. 847.0145; s. 895.03, if the court makes a written finding that the racketeering activity involved at least one sexual offense listed in this sub-subparagraph or at least one offense listed in this sub-subparagraph with sexual intent or motive; s. 916.1075(2); or s. 985.701(1); or a violation of a similar law of another jurisdiction[.]

§ 775.21(4)(a), Fla. Stat. A defendant qualifies for sexual predator status under sub-subparagraph (a)1.b. if he is convicted of an enumerated offense *and* has a previous violation of an enumerated offense. The previous violation may also involve "a similar law of another jurisdiction." *Id.* The meaning of that phrase is discussed below.

As stated above, the previous offense here was Debose's conviction under section 18-3-405.3(1), Colorado Revised Statutes, which reads as follows:

Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child by one in a position of trust if the victim is a child less than eighteen years of age and the actor committing the offense is one in a position of trust with respect to the victim.

The State contended that the Colorado statute was "similar" to section 794.011(8)(b) Florida Statutes, which reads as follows:

(8) Without regard to the willingness or consent of the victim, which is not a defense to prosecution under this subsection, a person who is in a position of familial or custodial authority to a person less than 18 years of age and who:
. . . .
(b) Engages in any act with that person while the person is 12 years of age or older but younger than 18 years of

5

age which constitutes sexual battery commits a felony of the first degree[.]

Debose argues that "sexual contact" under the Colorado law is broader than "act . . . which constitutes sexual battery" under the Florida law. Debose likewise claims that "position of trust" is broader than "position of familial or custodial authority." Since a possible scenario exists that would violate the Colorado statute but not the Florida statute, Debose contends that the laws are not "similar" for purposes of the Sexual Predators Act. We examine the Sexual Predators Act to determine the proper scope of the term "similar."

The Sexual Predators Act itself sets forth the purpose and intent of the statute, stated in full as follows:

LEGISLATIVE FINDINGS AND PURPOSE; LEGISLATIVE INTENT.—

(a) Repeat sexual offenders, sexual offenders who use physical violence, and sexual offenders who prey on children are sexual predators who present an extreme threat to the public safety. Sexual offenders are extremely likely to use physical violence and to repeat their offenses, and most sexual offenders commit many offenses, have many more victims than are ever reported, and are prosecuted for only a fraction of their crimes. This makes the cost of sexual offender victimization to society at large, while incalculable, clearly exorbitant.

(b) The high level of threat that a sexual predator presents to the public safety, and the long-term effects suffered by victims of sex offenses, provide the state with sufficient justification to implement a strategy that includes:

1. Incarcerating sexual predators and maintaining adequate facilities to ensure that decisions to release sexual predators into the community are not made on the basis of inadequate space.

2. Providing for specialized supervision of sexual predators who are in the community by specially trained probation officers with low caseloads, as described in ss. 947.1405(7) and 948.30. The sexual predator is subject to

specified terms and conditions implemented at sentencing or at the time of release from incarceration, with a requirement that those who are financially able must pay all or part of the costs of supervision.

3. Requiring the registration of sexual predators, with a requirement that complete and accurate information be maintained and accessible for use by law enforcement authorities, communities, and the public.

4. Providing for community and public notification concerning the presence of sexual predators.

5. Prohibiting sexual predators from working with children, either for compensation or as a volunteer.

(c) The state has a compelling interest in protecting the public from sexual predators and in protecting children from predatory sexual activity, and there is sufficient justification for requiring sexual predators to register and for requiring community and public notification of the presence of sexual predators.

(d) It is the purpose of the Legislature that, upon the court's written finding that an offender is a sexual predator, in order to protect the public, it is necessary that the sexual predator be registered with the department and that members of the community and the public be notified of the sexual predator's presence. The designation of a person as a sexual predator is neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes.

(e) It is the intent of the Legislature to address the problem of sexual predators by:

1. Requiring sexual predators supervised in the community to have special conditions of supervision and to be supervised by probation officers with low caseloads;

2. Requiring sexual predators to register with the Florida Department of Law Enforcement, as provided in this section; and

3. Requiring community and public notification of the presence of a sexual predator, as provided in this section.

§ 775.21(3), Fla. Stat. It is against this background that we consider how to apply the phrase "violation of a similar law of another jurisdiction."

"A textually permissible interpretation that furthers rather than obstructs the document's purpose should be favored." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 63 (2012). Given the identification in the Sexual Predators Act of a "compelling interest in protecting the public from sexual predators and in protecting children from predatory sexual activity," we strive to ensure that any interpretation of the phrase "similar law of another jurisdiction" furthers the Act's stated purpose, rather than reading it so narrowly that we thwart its purpose.

The purpose and intent section of the Sexual Predators Act leads us to conclude that the phrase "violation of a similar law of another jurisdiction" should not be read to exclude designation merely because an out-of-state law defining a sex crime can possibly be violated in a situation where a similar Florida statute might not apply. The statute does not require the prohibited sex crimes to be identical, just that they be "similar." *See Similar*, American Heritage Dictionary of the English Language (New College ed. 1982) ("Showing *some resemblance*; related in appearance or nature; *alike though not identical.*" (emphasis supplied)); *Similar*, Webster's Third New Int'l Dictionary of the English Language: Unabridged (1981) ("[H]aving characteristics in common[,] very much alike[,] *comparable.*" (emphasis supplied)).

This view is consistent with *State v. Brake*, 796 So. 2d 522 (Fla. 2001), which concerned section 787.025(2)(c), Florida Statutes (1997). That statute provided a certain penalty to a person "who, having been previously convicted of a violation of chapter 794, s. 800.04, or s. 847.0135(5), or a *violation of a similar law of another jurisdiction*," performs a certain act. § 787.025(2)(c), Fla. Stat. (emphasis supplied). The Supreme Court of Florida wrote, "Brake was previously convicted of indecency with a child in Texas, a crime *which is similar to that proscribed under Florida's section 800.04.*" *Id.* at 525 (emphasis supplied). The Court did not engage in an elements test to determine whether the Texas

crime was an appropriate previous offense; instead, the Court merely noted that the Texas law was "similar" to an enumerated Florida law, just as the statute required. In fact, the crime of "indecency with a child" in Texas can be committed when the victim is sixteen years old, while the Florida crime identified in section 800.04 requires that the victim be under sixteen. *Compare* Texas Penal Code Ann. § 21.11 (West 1997) *with* § 800.04, Fla. Stat. (1997). Despite the difference in the elements of the two crimes, such that one could violate the Texas law when the act would not violate the Florida law, the Supreme Court of Florida still deemed the laws "similar" for the purposes of section 787.025(2)(c), Florida Statutes. Because the same language is used in section 775.21(4)(a), we should reach the same result.

Accordingly, we find section 18-3-405.3(1), Colorado Revised Statutes, is "similar" to section 794.011(8)(b), Florida Statutes, for the purpose of designation as a sexual predator under section 775.021(4)(a), Florida Statutes.

B

1
*Montgomery v. State*

Debose argues that *Montgomery* supports his position that an out-of-state crime cannot be "similar" to a Florida crime, for the purpose of sexual predator designation, if the Florida crime is "narrower in scope" than the out-of-state crime. 183 So. 2d at 1044. We examine *Montgomery* below.

*Montgomery* is the only case that has addressed this topic directly. In *Montgomery*, the Fourth District considered the similarities of a Pennsylvania law to section 794.011(4)(b), Florida Statutes, for the purpose of sexual predator qualification. *Montgomery*, 183 So. 3d at 1044. The court determined that the laws were "not similar," and that "the Florida statute [was] narrower in scope than the Pennsylvania statute." *Id.* Furthermore, the court "reject[ed] the State's argument that the trial court may look to the underlying facts of the qualifying offense to establish whether two laws are similar." *Id.* at 1045. The court reached that conclusion by relying on two cases, *Fike v. State*,

63 So. 3d 847 (Fla. 5th DCA 2011) and *Dautel v. State*, 658 So. 2d 88 (Fla. 1995). *See Montgomery*, 183 So. 3d at 1045. We examine those cases in the following sections.

Both the Pennsylvania statute at issue in *Montgomery* and the purportedly "similar" Florida statute applied when the offender coerced the victim into sexual activity. *Compare* 18 Pa. Stat. and Cons. Stat. Ann. § 3121(a)(2) (defining rape in part as occurring "when the person engages in sexual intercourse with a complainant . . . [b]y threat of forcible compulsion that would prevent resistance by a person of reasonable resolution") *with* § 794.011(4)(b), (e)2., Fla. Stat. (defining sexual battery in part as occurring when a person commits sexual battery and "[t]he offender coerces the victim to submit by threatening to use force or violence likely to cause serious personal injury on the victim, and the victim reasonably believes that the offender has the present ability to execute the threat"). The *Montgomery* court held that the crimes were not "similar" because the coercion necessary to commit the Pennsylvania offense was a lesser degree than the level of coercion necessary for the Florida offense, and because the Florida offense required the victim to have a reasonable belief in the offender's ability to execute the threat. *Montgomery*, 183 So. 3d at 1044.

But even if the court had been correct in concluding that this thin distinction meant that the Pennsylvania crime was not "similar" to section 794.011(4)(b), one may respond that it was similar to the Florida sexual battery provision that does *not* require any coercion (only lack of consent), that is, section 794.011(5)(b), Florida Statutes. The *Montgomery* court rejected this conclusion, finding that the crime described by section 794.011(5)(b) was ineligible for sexual predator designation, based on the following reasoning: "The [Florida offense requiring coercion], which the trial court deemed similar to the Pennsylvania statute, is a first degree felony that triggers the sexual predator designation whereas the [Florida offense that does not require coercion] is a second degree felony which does not." *Montgomery*, 183 So. 3d at 1045.

This reasoning is incorrect. Section 775.21(4)(a)1.b., which is set out in full above, establishes a list of offenses that can result in

sexual predator designation if the offender has at least one of the enumerated prior violations. Nothing in section 775.21(4)(a)1.b. indicates that only first-degree felonies can trigger sexual predator designation. In fact, every crime defined in section 794.011 (except one not relevant here) exposes an offender to sexual predator designation, including the second-degree felony defined by section 794.011(5)(b).[3] Thus, even if the court had to conclude that the Pennsylvania law was "similar" to section 794.011(5)(b), that should have been enough for sexual predator designation.

But regardless of this oversight, the *Montgomery* court concluded that an out-of-state law cannot be "similar" to Florida law permitting sexual predator designation if the out-of-state law possibly criminalizes any conduct that a corresponding Florida law does not and explicitly rejected the contention that the court could look to the facts of the prior out-of-state violation to determine whether it was "similar" to a Florida crime. We turn now to *Dautel* and *Fike* to examine whether those cases support that reasoning.

2

*Dautel v. State*

In *Dautel* the Supreme Court of Florida held that underlying facts of a crime could not be utilized in determining whether an out-of-state conviction was "parallel or analogous" to a Florida crime to calculate a criminal scoresheet. *See Dautel*, 658 So. 2d at 89. *Dautel* was specifically addressing the language of Florida Rule of Criminal Procedure 3.701(d)(5) and how it directs scoring for the purpose of sentencing under the then-existing "Sentencing Guidelines." The Court highlighted that the notes accompanying rule 3.701 suggested that "[a]ny uncertainty in the scoring of the

---

[3] It is possible that the *Montgomery* court confused sub-subparagraph a. of section 775.21(4)(a)1. with sub-subparagraph b. Under sub-subparagraph a., violation of certain statutes that constitute capital, life, or first-degree felonies qualifies for sexual predator designation without any prior offense. If prior offense is relevant, however, it is because sub-subparagraph b. applies, which is not limited to first-degree felonies.

defendant's prior record shall be resolved in favor of the defendant." *Id.* at 90.

But scoring out-of-state convictions for sentence calculation is unlike determining whether an offender should be designated a sexual predator. An examination of sentencing calculation laws bears this out.

Under the old Sentencing Guidelines, used in *Dautel*, prior offenses were assigned a point value based only on the degree of the offense. *See* Fla. R. Crim. P. 3.988 ("Sentencing Guidelines Scoresheet" listing "Prior Record"). Similarly, under the currently used Criminal Punishment Code (CPC), prior offenses are assigned a point value based on the specific statute under which the offender was convicted. *See* § 921.0022(3), Fla. Stat. (listing offense levels for the "Offense Severity Ranking Chart"); Fla. R. Crim. P. 3.704(c)(1) (noting the offense severity ranking chart assigns a level to each offense according to the severity of the offense, "commensurate with the harm or potential for harm to the community that is caused by the offense, *as determined by statute*." (emphasis supplied)).[4] As with the old Sentencing Guidelines, the facts of a prior offense are irrelevant to the CPC scoresheet calculation. *See Allen v. State*, 916 So. 2d 67, 67 (Fla. 4th DCA 2005) (holding that "[d]etermining which Florida crime is analogous to the out of state conviction requires a comparison of the elements of the crimes[]").

Given these factors, it makes sense that only the elements of a statute identifying the offense, rather than any underlying facts,

---

[4] Under the Sentencing Guidelines, the points assigned for the offenses at conviction, prior offenses, and other factors, were used to calculate a permissible and required sentencing range. *See* Fla. R. Crim. P. 3.701(d)(8). Under the CPC, the assigned points are used to calculate the lowest permissible sentence. *See* § 921.0024(2), Fla. Stat. (defining "lowest permissible sentence" and specifying how to determine that figure); *see also* Fla. R. Crim. P. 3.704(d)(26) (same). Despite this difference, in both instances, a point value is assigned to prior offenses based solely on the statute violated.

are relevant when scoring a defendant's prior record for sentencing. The statute alone provides the relevant data. Likewise, it makes sense to exclude out-of-state offenses that are not identical to a Florida offense, for the same reason. More generally, *Dautel* involved sentencing, which carries constitutional considerations that are not present in the context of the Sexual Predators Act. *See State v. McKenzie*, 331 So. 3d 666, 673 (Fla. 2021) ("The imposition of sexual predator status under section 775.21 is related to the underlying criminal offense—but *is not itself a sentence or punishment*." (emphasis supplied)). These facts, combined with the requirement noted by the *Dautel* court that any doubts in scoring were to be resolved in the defendant's favor,[5] give *Dautel* limited applicability to the Sexual Predators Act. Unlike the sentencing rules, the Sexual Predators Act does not require an interpretative presumption in favor of the defendant, which would be inconsistent with the priority that section 775.21(3) puts on the safety of potential victims.

3
*Fike v. State*

In *Fike*, the court was confronted with the issue here but stopped short of reaching an answer. *See Fike*, 63 So. 3d at 849 (noting that "[w]hat constitutes a 'violation of a similar law of another jurisdiction' has not been addressed in the context of sexual predator designation," but finding it unnecessary to do so). The court rejected the proposition that cases such as *Dautel* were binding "because being designated a sexual predator does not implicate the same considerations or concerns involved in sentencing" noting that "[s]exual predator designation is not a punishment, only a status." *Id*.; *see also* § 775.21(3)(d), Fla. Stat. ("[T]he designation of a person as a sexual predator is neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes."). Nonetheless, the court ruled that it did not have to explore the meaning of the phrase "violation of a

---

[5] The restriction still applies to scoring under the CPC. *See* Fla. R. Crim. P. 3.704(d)(14)(D) ("Any uncertainty in the scoring of the offender's prior record must be resolved in favor of the offender[.]").

similar law of another jurisdiction" because the prior Michigan conviction did "not qualify [Fike] for sexual predator designation." *Fike*, 63 So. 3d at 849.

The *Fike* court was correct in concluding that *Dautel* was inapplicable in the sexual predator context. But it was also correct in rejecting the State's assertion that the Michigan law was not "similar" to section 800.04, Florida Statutes for purposes of the Sexual Predators Act.

The Michigan law at issue in *Fike* prohibited "[a]ssault with intent to commit criminal sexual conduct involving sexual penetration." Mich. Comp. Laws Ann. § 750.520g(1).[6] It is unclear whether there is a Florida counterpart to this crime. The State in *Fike* argued that the lewd and lascivious offenses in section 800.04 were similar to the Michigan law, but the crimes under that statute involve sexual acts upon persons under sixteen years old where consent is irrelevant, neither of which is an element of the Michigan crime.[7]

Because *Dautel* involves scoring out-of-state convictions for sentencing determination, and because *Fike* involved an out-of-state offense without an identified Florida counterpart, the *Montgomery* court should have relied on neither case to invalidate sexual predator designation. In fact, the Sexual Predators Act does

---

[6] "[T]he elements of assault with intent to commit [criminal sexual conduct] involving penetration are simply (1) an assault, and (2) an intent to commit [criminal sexual conduct] involving sexual penetration." *People v. Nickens*, 685 N.W.2d 657, 661 (Mich. 2004). "An assault may be established by showing that one has attempted an intentional, unconsented, and harmful or offensive touching of a person." *People v. Starks*, 701 N.W.2d 136, 138 (Mich. 2005).

[7] Because the *Fike* court did not address it, we do not consider whether the Michigan crime of assault with intent to commit criminal sexual conduct involving penetration is "similar" to attempted sexual battery prohibited by sections 777.04 and 794.011(5), Florida Statutes.

not support this narrow interpretation of the phrase "violation of a similar law of another jurisdiction."

C

As stated, the *Montgomery* court held that a statute prohibiting sexual intercourse "by threat of forcible compulsion" was not similar to a Florida statute prohibiting sexual battery when the offender "coerces the victim to submit by threatening to use force or violence likely to cause serious personal injury on the victim." 183 So. 3d at 1044. Both crimes prohibit sexual acts accomplished by coercing the victim to submit under threat of violence. Refusing to call these crimes "similar" defies logic and is contrary to the stated purposes of the Sexual Predators Act. Montgomery committed the type of crime that should qualify one for sexual predator designation in Florida, regardless of any slight distinctions in the applicable Pennsylvania and Florida laws. The fact that the level of coercion necessary to commit each crime may be slightly different, such that one could conceive of a situation that violates one statute but not the other, does not alter this basic fact.

The same is true in Debose's case. Both the Colorado statute and the Florida statute criminalize sexual activity when the offender is in a position of authority over a minor victim. The Colorado statute might encompass sexual acts not specifically included in the corresponding Florida statute, or might include situations where an offender's authority over the victim is not characterized exactly the same way, but these distinctions do not alter this basic fact. To claim otherwise would "thwart the purpose of the statute expressly stated in section 775.21(3)(d)." *McKenzie*, 331 So. 3d at 674 (Fla. 2021) (Couriel, J., concurring). The Sexual Predators Act is meant to apply to offenders who have committed a sex crime (especially a sex crime against minors) in a foreign jurisdiction, regardless of whether the sex crime is identical to a Florida sex crime, as long as it is "similar" to one. The crimes here are plainly "similar."

In reaching this conclusion, we do not hold that the court may resort to the facts of the underlying case to determine whether an out-of-state violation qualifies a defendant for designation. Such a

conclusion may be supported by the statute's focus on the fact that the offender "committed" a "violation" of the out-of-state law, rather than the mere fact of conviction, which is the case for sentencing. The Legislature, in directing whether a certain prior conviction requires a certain result, is capable of ensuring that the determination is based on the elements of the offense alone. *See*, *e.g.*, § 794.0115(2)(e), Fla. Stat. (stating an out-of-state prior conviction can qualify a defendant as a "dangerous sexual felony offender" if the out-of-state conviction is "similar in elements" to an enumerated Florida crime). But such a conclusion is unnecessary in light of the requirement that the offender violate only a "similar law"; the court need not determine whether the actual violation would necessarily fit precisely under a corresponding Florida statute.

Thus, we disagree with the Fourth District's rationale and holding in *Montgomery* and certify conflict.

## III

Debose also argues that the trial court improperly scored the Colorado conviction on his CPC scoresheet, because section 18-3-405.3(1), Colorado Revised Statutes, is not "analogous or parallel" to section 794.011(8)(b), Florida Statutes. *See* Fla. R. Crim. P. 3.704(d)(14). As stated above, this question involves a different analysis than whether the Colorado statute qualifies for sexual predator designation. For purposes of scoring for sentence calculation, the Colorado crime is not "analogous or parallel" to the Florida crime, as explained above.

Because the trial court found that the Colorado crime was analogous or parallel to the crime identified in section 794.011(8)(b), it scored the Colorado crime at Level 9, which yielded 23 sentence points. *See* § 921.0024(1)(a), Fla. Stat. While the exclusion of these points would have resulted in a lower lowest permissible sentence than the one used in Debose's sentencing, the trial court explicitly ruled that it "would have imposed the same sentence regardless of how [his] prior conviction for a sex offense against a minor was calculated," noting that Debose "was a registered sex offender for an offense against a minor at the time of his offense." The trial court also did not sentence Debose to the

16

lowest permissible sentence. Rather, it sentenced him to twenty years in prison—well beyond the seven-and-a-half years Debose scored. These facts alone render the scoresheet error harmless. *See State v. Anderson*, 905 So. 2d 111, 112 (Fla. 2005) (holding that a scoresheet error is harmless if "the record conclusively shows that the same sentence would have been imposed using a correct scoresheet[]").

IV

We affirm Debose's conviction and sentence. We further hold that the trial court did not err in concluding that Debose's Colorado conviction was a qualifying previous violation for the purposes of section 775.21(4)(a)1.b., and in designating him a sexual predator under section 775.21, Florida Statutes. In doing so, we certify conflict with the Fouth District Court of Appeal regarding its decision in *Montgomery*.

AFFIRMED, CONFLICT CERTIFIED, QUESTIONS CERTIFIED.

ROBERTS and NORDBY, JJ., concur; WINOKUR, J., concurs with opinion.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

WINOKUR, J., concurring.

I agree with the majority that we should affirm Debose's judgment and sentence and that we should certify conflict with the Fourth District Court of Appeal. I write separately to address Debose's argument that the trial court erred in denying his motion for judgment of acquittal on the count of unlawful use of a two-way communications device in furtherance of a crime because the State failed to present evidence that he committed the crime in the venue where he was charged and tried. Because the State failed to present evidence of proper venue, Debose claims that his

17

conviction on that count must be vacated, and that retrial is impermissible, because venue is "an element of the offense." *See, e.g.*, *Johnson v. State*, 177 So. 3d 1005, 1009 (Fla. 1st DCA 2015) ("Venue is an essential element of a crime." (citing *Mosley v. State*, 842 So. 2d 855, 857 (Fla. 1st DCA 2002))).

Regardless of whether the State adequately proved venue, I have fundamental objections to this argument. In explaining why, I raise practical issues that occur when a jury is required to determine whether the State has proved venue, issues that demonstrate essential contradictions that call into question the entire concept of making venue a jury issue. Second, I argue that an analysis of the constitutional right to trial before a jury in the county where the crime was committed leads to the conclusion that venue is a question of law for the court and should never be brought before the jury as a question of fact at all.

I

A

A criminal defendant has the right to a "speedy and public trial by [an] impartial jury in the county where the crime was committed." Art. I, § 16, Fla. Const. That constitutional provision mirrors the venue and vicinage clauses of the U.S. Constitution. *See* Art. III, § 2, cl. 3, U.S. Const. ("Trial of all Crimes . . . shall be held in the State where the . . . Crimes shall have been committed."); Amend. VI, U.S. Const. ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed[.]").[1]

This constitutional right has been a part of our Constitution since at least 1885. *See* Declaration of Rights, § 11, Fla. Const. (1885). That provision remains unchanged. *See* Art. I, § 16, Fla. Const. (2018). The Legislature codified the venue requirement in

---

[1] The Vicinage Clause of the United States Constitution "concerns jury composition" whereas the Venue Clause concerns "the place where a trial may be held." *Smith v. United States*, 599 U.S. 236, 245 (2023).

18

1939. Ch. 19554, §§ 160–69, Laws of Fla. (1939). The venue statutes are currently in Chapter 910. *See* § 910.03(1), Fla. Stat. ("[C]riminal prosecutions shall be tried in the county where the offense was committed[.]"). The Supreme Court of Florida later adopted a standard jury instruction regarding venue, which currently reads, "[t]he State must prove by a preponderance of the evidence that the alleged crime[s] [was] [were] committed [in this county] [within the areas of the counties named in the charge[s]]." *See* Fla. Std. Jury Instr. (Crim.) 3.8(e). The standard instruction adds the following comment: "This charge should be given only when the defendant requests it and there is an issue of fact in the evidence for the jury to resolve." *Id*.

B

The central question driving this opinion is whether venue is an element, or "essential element," of any offense. An "essential element" has been defined as "a required and necessary element of crime *as set forth by the particular substantive criminal statute*." *State v. Tinsley*, 683 So. 2d 1089, 1090 (Fla. 5th DCA 1996) (emphasis supplied); *see also Mathis v. United States*, 579 U.S. 500, 504 (2016) ("'Elements' are the 'constituent parts' of a crime's legal definition—the things that the 'prosecution must prove to sustain a conviction.'" (quoting Black's Law Dictionary 634 (10th ed. 2014))). "Element" is similarly defined in the Standard Jury Instructions, which identifies the facts constituting a crime, as set forth in statute, that the State must prove in order to secure a conviction. *See* Fla. Std. Jury Instr. (Crim.), Part 2. For instance, one of the crimes of which Debose was convicted, Unlawful Sexual Activity with Certain Minors, is set forth in the Standard Jury Instructions as follows:

> To prove the crime of Unlawful Sexual Activity with a Certain Minors, the State must prove the following three *elements* beyond a reasonable doubt:
>
> 1. (Defendant) engaged in sexual activity with (victim).
>
> 2. At the time, (defendant) was 24 years of age or older.
>
> 3. At the time, (victim) was 16 or 17 years of age.

19

Fla. Std. Jury Instr. (Crim.) 11.7. (emphasis supplied). These elements are drawn directly from section 794.05, Florida Statutes.

The failure of the State to offer evidence supporting each element means that the court must grant a defendant's motion for judgment of acquittal. *See*, *e.g.*, *Baugh v. State*, 961 So. 2d 198, 203–04 (Fla. 2007) ("[T]he prosecution, in order to present a prima facie case, is required to prove each and every element of the offense charged beyond a reasonable doubt, and when the prosecution fails to meet this burden, the case should not be submitted to the jury, and a judgment of acquittal should be granted." (quoting *Williams v. State*, 560 So. 2d 1304, 1306 (Fla. 1st DCA 1990))).

Under this common-sense approach, venue cannot be an "element" of a crime, as it is not a constituent part of the definition of a substantive crime. Nonetheless, the district courts of appeal are indeed split on the issue of whether venue is an element. *Compare Johnson*, 177 So. 3d at 1009 ("Venue is an essential element of a crime." (citation omitted)); *with McClellion v. State*, 858 So. 2d 379, 381 (Fla. 4th DCA 2003) ("Venue *is not* an element of the charged crime[.]" (emphasis supplied)); *Berry v. State*, 306 So. 3d 1256, 1259 (Fla. 2d DCA 2020) (same).

*Johnson* cites *Mosley v. State*, 842 So. 2d 855, 857 (Fla. 1st DCA 2002), for this proposition, which in turn cites *Tucker v. State*, 459 So. 2d 306 (Fla. 1984), which itself cites (and partially overrules) *State v. Black*, 385 So. 2d 1372 (Fla. 1980). Indeed, *Black* does state that "[v]enue is an essential element in any criminal charge." 385 So. 2d at 1375. Yet the court gives no analysis for this proposition and cites only the constitutional provision for venue noted above. *Id*. This constitutional provision says nothing about whether venue is an "element" of a crime; it simply establishes a right to be tried in the county where the crime was allegedly committed. In any event, the *Black* court was addressing whether venue had to be charged in an information or indictment, not whether venue was a constituent part of an offense that the State must prove at trial. There is in fact no reason set forth in Florida law why venue should be considered an element of an offense in the same manner as the statutory facts of a crime that the State must prove to secure a conviction.

One more word about identification of venue as an "element" of an offense. The Standard Jury Instructions note that the venue instruction "should be given only when the defendant requests it and there is an issue of fact for the jury to resolve." Fla. Std. Jury Instr. (Crim.) 3.8(e). This comment seems to stem from the ruling in *Lane v. State*, that the defendant may waive venue. 388 So. 2d 1022, 1026 (Fla. 1980). But placing upon the defendant an affirmative obligation to request that the State be required to prove venue at trial is inconsistent with identifying venue as an "element," since the State bears an affirmative duty to prove every element of the offense at trial. *See, e.g., Hill v. State*, 980 So. 2d 1195, 1199 (Fla. 3d DCA 2008) ("It is well established that the State has the burden of proving every element of a crime beyond a reasonable doubt and this burden never shifts from the State." (citation omitted)). Again, it seems erroneous to identify venue as an "element" of every criminal offense.

C

Identification of venue as an element leads to other practical problems. First, the level of proof necessary to prove venue is unclear. The court in *Berry* ruled that venue "need only be proven by a preponderance of the evidence." 306 So. 3d at 1259; *see also Monroe v. State*, 14 So. 3d 1205, 1209 (Fla. 4th DCA 2009); Fla. Std. Jury Instr. (Crim.) 3.8(e). For its part, the court in *McClellion* described the level of proof necessary as whether the jury could "reasonably infer from the evidence that the crime was committed in the county in which the defendant was charged." 858 So. 2d at 381. In fact, the court in *McClellion* went on to state that venue is not an element of an offense specifically *because* it need not be proven beyond a reasonable doubt. 858 So. 2d at 381 n.1. Accordingly, it is unclear whether those courts that *have* ruled that venue *is* an element would hold that venue must be proven beyond a reasonable doubt.

But even if the State need not prove venue beyond a reasonable doubt, how exactly is the jury supposed to decide venue? Should the jury decide venue as a preliminary matter, only proceeding to the substantive crime (with a different standard of proof) once it decides that venue has been proved by a preponderance of evidence? Should the jury be provided a verdict

form that directs it to distinguish between a venue finding and a finding on the substantive crime? How do we know whether a jury has found only that the State failed to prove venue? And most importantly, if the jury finds that the State has failed to prove venue, what is the remedy? The identification of the proper remedy brings me to the final issue I see with the way that venue is proved in a Florida prosecution.

D

In this case, Debose moved for judgment of acquittal on the use of a communications device count based on his contention that the State failed to present sufficient evidence that the crime occurred in Alachua County.[2] Debose suggests that a finding of lack of venue by the jury (employing, presumably, the preponderance of evidence standard) would result in an acquittal.

This result is inconsistent with the purpose of an acquittal. An acquittal has double jeopardy implications because the constitutional prohibition against double jeopardy "protects against a second prosecution for the same offense after acquittal." *Carlson v. State*, 405 So. 2d 173, 175 (Fla. 1981) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). Conversely, it appears that the correct remedy for failure to prove venue is retrial. *See, e.g.*, *Smith*, 599 U.S. at 253–54 (noting that reversal of a conviction based on a violation of the Venue or Vicinage Clauses, even when styled as a judgment of acquittal, does not resolve the question of criminal culpability, and that as such retrial is permissible). Even in *Johnson*, in which we ruled that venue was an essential element of the crime and that the State failed to prove it, we remanded the case for retrial. 177 So. 3d at 1009; *see also Berry*, 306 So. 3d at 1260 (remanding for retrial after finding that the State failed to present evidence of venue).

---

[2] Debose specifically requested a special instruction regarding venue, but never requested the general jury instruction indicated in the standard instructions. *See* Fla. Std. Jury. Instr. (Crim.) 3.8(e).

And yet, if the jury found that the State failed to prove proper venue, presumably it would acquit the defendant.

In short, submitting the question of venue to the jury raises several inconsistencies and errors. I submit that these inconsistencies result from the failure of Florida courts to recognize that the constitutional right to proper venue is simply a procedural safeguard to protect the accused's right to an impartial jury where the crime occurred, not a part of the crime that the jury itself must decide. To this end, I submit that a trial court should decide whether venue is proper prior to trial, just like it does with regard to other, related procedural rights.

## II

It is firmly established in Florida law that a question of venue must be submitted to the jury. All of the cases, even very old ones, take this rule for granted rather than analyzing whether it is appropriate. *See*, *e.g.*, *Hopkins v. State*, 42 So. 52 (1906); *McKinnie v. State*, 32 So. 786 (Fla. 1902); *Warrace v. State*, 8 So. 748 (Fla. 1891). Consider *Croft v. State*, 191 So. 34 (1939) as an example of how the question has usually been addressed. In *Croft*, one of the questions presented to the court was "[i]n a larceny prosecution is it essential to a valid conviction that the state prove venue?" 191 So. at 34. The court's entire analysis was that the question "must be answered in the affirmative" and that "[i]nspection of the record discloses that the State met the burden suggested by [the] question." *Id*. The court included no citations in its "analysis." Indeed, while the state constitution plainly specifies that a defendant has a right to a trial by an impartial jury in the county where the crime was committed, I can find no constitutional provision, statute, rule, or case, that explains why the question of venue *must* be presented to and decided by a jury. I conclude that such a rule of law is incorrect.

Rather than belabor this position, I will simply point to *People v. Posey*, 82 P.3d 755 (Cal. 2004), a case in which the Supreme Court of California concluded that venue is a legal question for the court, rather than a factual question for the jury:

> The rule that venue is a question of fact for the jury is unsound for a number of fundamental reasons. First, the

23

rule impedes the purposes underlying the venue provisions, especially their principal purpose from a defendant's perspective of protecting a defendant from being required to stand trial in a distant and unduly burdensome locale, by putting off any finding on venue until after the defendant has been required to undergo the rigors and hardship of standing trial in an assertedly improper locale, and after the state has incurred the time and expense of conducting a trial there. Second, the rule is inconsistent with contemporary treatment of other, analogous issues, inasmuch as venue is a procedural question involving the appropriateness of a place for a defendant's trial on a criminal charge, and not a substantive question relating to the defendant's guilt or innocence of the crime charged. Third, the rule threatens the untoward consequence of an "unwarranted acquittal" when the jury returns a verdict of not guilty predicated solely on lack of proper venue.

*Id.* at 759. (citations and quotations omitted). I agree.

The question, according to the *Posey* court,

turns on whether the issue presented relates to the substantive matter of guilt or innocence to be determined at trial or, instead, concerns a procedural matter that does not itself determine guilt or innocence but either precedes the trial (such as whether to change venue), affects the conduct of the trial (such as whether to admit certain evidence), or follows the trial (such as whether to order a new trial).

*Id.* at 763 (citation omitted). "If an issue implicates guilt or innocence as a substantive matter, it generally lies within the province of the jury, but an issue involving a procedural matter generally lies within the province of the court." *Id.* Under this standard, the *Posey* court concluded that venue was a question of law for the court.

Similarly, under Florida law, note that the constitutional provision providing a right to trial in the county where the crime occurred also guarantees a "speedy and public trial." Art. I, § 16(a),

24

Fla. Const. Questions involving the right to a speedy trial are never decided by the jury; such an issue is always decided by the court. *See Landry v. State*, 666 So. 2d 121, 125–26 (Fla. 1995) (discussing a trial court's duty to determine whether a speedy trial violation has occurred). The same is true of a right to public trial. *See Bundy v. State*, 455 So. 2d 330 (Fla. 1984). I see no compelling reason why a different procedural right contained in the very same constitutional clause should be a question for the jury.

One other inherent contradiction in making venue a jury question was exposed by the *Posey* court. That is, if the State has violated a defendant's constitutional rights by trying him in the wrong county, then a jury composed of citizens from the wrong county is vested with the responsibility of deciding whether it is the *right* jury to try the defendant. *See Posey*, 82 P.3d at 559. This seems to violate the very notion of a constitutional right to trial by a jury in the county where the crime occurred.

I believe the *Posey* court's analysis is correct. Not only is venue an appropriate question for the court rather than the jury, but the significant issues identified above demonstrate serious problems with allowing this issue to be decided by a jury. I believe this issue is significant enough to certify questions of great public importance to the Supreme Court of Florida. If the Court were to find that venue is a proper question for the jury, I believe it should clarify the jury's responsibility on the question, as indicated above. I propose the following questions.

SHOULD THE QUESTION OF WHETHER THE STATE HAS PROVEN THAT VENUE WAS PROPER IN THE COUNTY WHERE TRIAL OCCURS BE ANSWERED BY THE JURY? IF SO, SHOULD THE JURY BE INSTRUCTED THAT IT SHOULD NOT CONSIDER WHETHER THE STATE HAS PROVEN THE DEFENDANT'S GUILT IF IT FINDS THAT THE STATE HAS NOT PROVEN PROPER VENUE?

---

Jessica J. Yeary, Public Defender, and Kathryn Lane, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Robert "Charlie" Lee, Assistant Attorney General, Tallahassee, for Appellee.